■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered June 28, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment be affirmed.

As part of the People's case-in-chief, two police officers testified that as a result of a "conversation" with the defendant's stepdaughter and her boyfriend, the officers, along with the stepdaughter and boyfriend, searched for and found the defendant, who was carrying a gun in his waistband. The stepdaughter and her boyfriend then testified on direct examination, as witnesses for the defense, that they were present in the police car when the defendant, driving a car that he did

not own, was pulled over and arrested, but that the officers found the gun in the car, not on the defendant's person. The trial court thus properly ruled that the defendant opened the door for the cross-examination testimony that was elicited by the People, i.e., that these individuals had previously told the police officers that the defendant had a gun. These prior statements to the police officers were directly probative of whether the defendant knowingly possessed the gun and served to complete the police officers' narrative of the episode *(see, People v Knight,* 80 NY2d 845; *People v Bowden,* 157 AD2d 789, 790; *People v Love,* 92 AD2d 551, 553; *People v Roman,* 171 AD2d 562, 563).

We also conclude that the police officers' testimony on rebuttal was properly admitted in this case. Although a witness may not be impeached with extrinsic evidence on a collateral issue, we find that the conversations at issue, to the extent they were evidence that the defendant possessed a gun and pointed it at the defense witnesses' heads, were not collateral, but relevant to disprove the defendant's contention that the gun was found in the car rather than on his person *(see, People v Cade,* 73 NY2d 904; *People v Schwartzman,* 24 NY2d 241, 245; *People v Arcarola,* 134 AD2d 435; *People v Knight,* 173 AD2d 736, *supra).*

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mangano, P. J., Thompson, Lawrence and Santucci, JJ., concur.