■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY DARRISAW, Appellant. [614 NYS2d 622] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome

County (Smith, J.), rendered September 18, 1992, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

In the early morning hours of November 15, 1991, after hailing a taxicab and traveling a few blocks toward his destination, defendant spotted an acquaintance, Joseph Maiola, on the street, directed the driver to stop and got out of the cab. The taxi driver testified that he then observed defendant and Maiola exchange several objects, including cash and a sandwich-sized baggy containing "leafy material". The two then got into the cab and, the driver testified, Maiola offered to sell him drugs. After proceeding several more blocks, the passengers halted the cab, alighted and proceeded into an alcove at the entrance to a building, where they began to talk.

Within a few minutes Jeffrey Carpenter, a City of Binghamton police investigator, pulled beside the cab in an unmarked car to ascertain what was occurring in the alcove. The taxi driver testified that about this time he heard defendant say "the heat" and saw him toss an item back into the alcove. Carpenter testified that after he got out of his car, and as he proceeded into the alcove to determine what the two had been doing there, he saw defendant, who was at that point to his rear and proceeding in a northerly direction, remove his hand from a pocket and toss an object toward the northeast corner of the building. After finding what he believed to be a bag of marihuana in the alcove, Carpenter alerted his fellow officers to that fact and then confronted Maiola, who Carpenter testified had also been walking in a northerly direction away from the alcove. Maiola denied any knowledge of the marihuana. The other officers, meanwhile, were questioning defendant.

When he looked for the object which he had seen defendant throw by the corner of the building, Carpenter discovered a piece of plastic wrap containing 10 small packets of white powder. Believing the substance to be cocaine, Carpenter informed his colleagues and advised them to place defendant under arrest. A search of Maiola revealed no contraband and only a small amount of cash, and he was allowed to leave. When searched at the police station, defendant was found to be carrying $760 in currency and a paging device ("beeper").

Tried and convicted of criminal possession of a controlled substance in the third degree (possession with intent to sell) and criminal possession of a controlled substance in the fifth degree, defendant appeals.

The most compelling of defendant's arguments center on an affidavit, signed and sworn to by Maiola several days after defendant's arrest, in which he stated that the cocaine and marihuana were both his, that he was the one who threw them on the ground and that defendant did not possess either substance. The affidavit includes an assertion that its maker understood that the statements made therein could subject him to prosecution for possession, but that he was making them because "it is not right that they arrested Jeff". Later, after obtaining counsel, Maiola retracted the statement.

Despite the fact that defendant was at liberty to bring this exculpatory evidence to the attention of the Grand Jury (see, People v Mitchell, 82 NY2d 509, 513-514), he nevertheless contends that the prosecutor's refusal to present the affidavit —of which the prosecution was aware—was improper, and that this error mandates dismissal of the indictment. To be sure, as an officer of the court the prosecutor has a duty to make a fair presentation to the Grand Jury, and to present all evidence that could, if believed, avoid a needless or unfounded prosecution (see, People v Valles, 62 NY2d 36, 38). A prosecutor is not however, obliged to present every exculpatory version of the facts to the Grand Jury (see, People v Mitchell, supra, at 515).

A Grand Jury hearing is not intended to be a "mini-trial", at which competing evidence is weighed and questions of fact resolved; rather, its purpose is simply to determine whether the evidence proffered by the People, if fully credited, would support a conviction (see, People v Mitchell, supra, at 513; People v Lancaster, 69 NY2d 20, 30, cert denied 480 US 922). Having issued an indictment, the Grand Jury obviously found the other evidence presented by the People sufficient to make out a prima facie case, and thus Maiola's affidavit would only have raised questions of fact and credibility, matters properly left to the petit jury (see, People v Perry, 187 AD2d 678, lv denied 81 NY2d 891). Accordingly, it was not, in our view, improper for the prosecutor to refuse defendant's request to apprise the Grand Jury of that affidavit.

Defendant next contends that, in view of Maiola's invocation of the 5th Amendment protection against self-incrimination, his concomitant refusal to testify and the prosecutor's denial of defendant's request to offer Maiola immunity, the affidavit should have been admitted at trial. We agree. Although it is hearsay, a declaration such as the one in question may be received as a statement against penal interest provided that (1) the declarant is unavailable to testify in person,

(2) at the time the statement was made, the declarant was aware that it was against his or her penal interest, (3) had competent knowledge of the underlying facts, and (4) there is some other evidence, outside of the statement itself, tending to demonstrate its reliability and trustworthiness *(see, People v Settles,* 46 NY2d 154, 167).

Although the mandates of due process further restrict the circumstances under which a statement endangering the maker's penal interest may be used against a criminal defendant *(see, People v Maerling,* 46 NY2d 289, 298), in a case where, as here, the statement is exculpatory as to defendant, a less exacting standard applies *(see, People v Smith,* 195 AD2d 112, 125). Moreover, where the statement forms a critical part of the defense, due process concerns may tip the scales in favor of admission *(see, Chambers v Mississippi,* 410 US 284, 302). Given the foregoing, the prosecutor's refusal to grant Maiola immunity, though not per se improper *(see, People v Owens,* 63 NY2d 824; *People v Finkle,* 192 AD2d 783, 787, *lv denied* 82 NY2d 753), bears profoundly on the correctness of County Court's ruling not to permit introduction of Maiola's statement.

Maiola's invocation of the 5th Amendment rendered him unavailable for purposes of the first requirement *(see, People v Settles,* 46 NY2d 154, 167), and his sworn statement, to the effect that he understood that he could be prosecuted for possession as a result of the admissions made in the affidavit, fulfills the second.* The nature of the statement and Maiola's direct participation in the events in question clearly satisfy the third requirement. With regard to the fourth requirement, County Court found that Maiola's subsequent retraction of the statement cast sufficient doubt upon its reliability to warrant exclusion. When an exculpatory statement is proffered by the defense, however, it is enough that the supportive evidence establishes " 'a *reasonable possibility* that the statement *might* be true' " *(People v Smith, supra,* at 125, quoting *People v Settles, supra,* at 169-170). Once such a showing is made, the assessment of credibility becomes a matter for the jury.

In the case at hand, several facts tend to corroborate Maiola's assertion that he, and not defendant, possessed the cocaine. Not only was Maiola present in the general location

---

* As the statement at issue is not to be used against defendant, there is no requirement that the penal interest be of sufficient magnitude to the declarant to "all but rule out any motive to falsify" *(People v Maerling, supra,* at 298).

where the cocaine was found, but Carpenter testified that Maiola, who was known to him as a drug user, had walked by the very location twice before the package was discovered. Moreover, the cab driver's testimony that Maiola offered to sell him drugs on the night in question provides some indication that Maiola actually possessed them at that time. It is also significant that, of all those present at the scene, Carpenter alone claims to have seen defendant dispose of a package— an observation he acknowledges making "out of the corner of his eye" when defendant was behind him. In view of the fact that the declaration at issue was the only available means of establishing a defense, and given that there is some evidence tending to corroborate the claims made therein, and there has been no strong showing of a motive on Maiola's part to fabricate (compare, People v Shortridge, 65 NY2d 309, 313), disallowing introduction of that affidavit into evidence deprived defendant of a fair trial, and a new trial is warranted.

Mikoll, J. P., Mercure, Crew III and Weiss, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.