■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE H. WIEMEIER, Appellant. [635 NYS2d 983] —Mikoll, J. P. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered November 7, 1994, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the fourth degree, criminally possessing a hypodermic instrument and criminal possession of marihuana in the fifth degree.

On February 24, 1994, officers of the State Police obtained a search warrant based upon the testimony of a confidential informant who allegedly had personal knowledge of narcotics and marihuana traffic at defendant's residence. The warrant was executed on February 25, 1994 at defendant's residence where police found a plastic prescription bottle containing 81 hydromorphone pills, hypodermic syringes, a "cooking spoon" containing residue and a cotton ball from defendant's bedroom nightstand. Further search of the bedroom yielded 14 additional syringes, marihuana paraphernalia, 33.92 grams of marihuana and a triple-beam scale. The record reveals that hydromorphone is a narcotic which, when cooked down and injected, is used as a heroin substitute.

Defendant was indicted for, and subsequently convicted after a jury trial, of criminal possession of a controlled substance in the fourth degree, criminally possessing a hypodermic instrument and criminal possession of marihuana in the fifth degree. Defendant's pretrial omnibus motion, seeking, *inter alia,* inspection of the Grand Jury minutes and dismissal of the indictment for legally insufficient evidence to sustain the indictment and failure to present exculpatory information known to the prosecution and to the Grand Jury, was denied.

Prior to sentencing, defendant moved for modification of the verdict and/or a new trial, arguing that County Court improperly communicated with the jury outside the presence of defendant and counsel. The court had unilaterally responded to a written note from the jury, which stated that it was waiting for written instructions, by sending the jury an answer on the back of the note. Defendant also claimed that the evidence adduced at trial was insufficient to support the verdict. County Court denied defendant's postverdict motion and subsequently sentenced defendant as a second felony offender to 2 1/2 to 5 years' imprisonment on his conviction for criminal possession of a controlled substance, six months in jail on his conviction for criminally possessing a hypodermic instrument and 90 days

in jail on his criminal possession of marihuana conviction. All sentences were ordered to run concurrently.

There must be a reversal and a new trial. County Court committed reversible error in this instance in unilaterally responding to the written note sent by the jury without complying with CPL 310.30 (*see, People v O'Rama*, 78 NY2d 270, 277; *People v Ahmed*, 66 NY2d 307, 310).

Defendant's argument that County Court committed reversible error when it communicated with the jury during jury deliberations outside of his and his counsel's presence is meritorious. Although defendant did not make an objection at the time County Court disclosed the facts during deliberations and before reception of the jury verdict, such failure raises a question of law and does not preclude review on appeal (*see, People v O'Rama, supra*, at 279; *People v Mehmedi*, 69 NY2d 759, 760). The failure to comply with the statutory mandate of CPL 310.30 results in a substantial departure from a statutory provision that affects "the organization of the court or the mode of proceedings prescribed by law" (*People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197; *accord, People v O'Rama, supra*, at 279).

The jury's reference to further instructions indicated that the jury was confused in some way concerning County Court's instructions and, thus, related to the deliberative process and not merely to a ministerial matter (*see, People v Bonaparte*, 78 NY2d 26, 30; *People v Ford*, 78 NY2d 878, 880; *People v Ciaccio*, 47 NY2d 431, 436-437). This situation required compliance with CPL 310.30, including the presence and participation of defendant.

Defendant's contention that exculpatory evidence of witness Anthony Orso withheld from the Grand Jury fatally tainted the Grand Jury proceedings requiring reversal was not preserved for appellate review. A judgment of conviction, based on legally sufficient trial evidence, precludes the raising of such issue on appeal (*see,* CPL 210.30 [6]; *People v Robinson*, 133 AD2d 473, *lv denied* 71 NY2d 1032; *People v Shapiro*, 117 AD2d 688, 689, *lv denied* 67 NY2d 950). However, in view of the order for reversal and a new trial, we will examine this question on the merits. The testimony by Orso that he inadvertently left the hydromorphone at defendant's residence merely raises an issue of fact, a credibility issue for resolution before a trial jury (*see, People v Darrisaw*, 206 AD2d 661, 663). The prosecution's duty is to fairly present evidence in their possession to the Grand Jury sufficient to make out a prima facie case (*supra*); it is not required to present exculpatory evidence

unless it could, if believed, avoid a needless or unfounded prosecution (*supra*). Here, the testimony would have merely raised a question of fact and it is uncertain if it would have resulted in a finding of no criminal liability (*see, supra,* at 662).

Defendant's claim that the verdict was not supported by legally sufficient evidence on the issue of whether he had knowledge of the weight of the hydromorphone he was found to possess was not preserved for review on appeal by a proper objection (*see, People v Gray,* 86 NY2d 10, 18). However, in view of our order for a new trial, we will also review this *People v Ryan* (82 NY2d 497) issue on the merits. The conviction here was for a controlled weight substance measured on an aggregate weight basis and, therefore, knowledge of the weight may be inferred from defendant's handling of the material since the weight of the entire mixture, including its cutting agents, is measured (*see, People v Sanchez,* 86 NY2d 27, 33; *People v Ryan, supra,* at 502). In addition to defendant's physical possession of the hydromorphone pills, there were other circumstances present from which knowledge of weight can be inferred, namely, the fact that defendant could see the quantity of pills which were in a plastic bottle, the hydromorphone had been left on the kitchen table but found on defendant's bedroom nightstand, indicating that it had been moved, and the hydromorphone was found next to all the elements required to change the pills into liquid form for injection. Accordingly, based on the presence of drugs and drug paraphernalia, including a triple-beam scale, a jury could reasonably infer that defendant not only handled the drugs, but possessed such a degree of drug sophistication that he knew that he possessed more than one eighth of an ounce thereof (*see, People v Sanchez, supra,* at 33; *see also, People v Wright,* 214 AD2d 989, 990, *lv denied* 86 NY2d 785; *People v Love,* 204 AD2d 97, *affd* 84 NY2d 917).

Finally, in view of a new trial, we observe that County Court did not err in permitting William Schreiber, Orso's prescribing physician, to testify in rebuttal to Orso's testimony that he had called Schreiber upon learning that he had left his pills at defendant's and advised him of that. Schreiber testified on rebuttal to the contrary, namely, that Orso had told him that he had misplaced his prescription at a card game and that Orso also stated that he barely knew defendant. Here, Schreiber's testimony was not collateral, but related to the issue of whether defendant knowingly possessed the hydromorphone claimed to be "inadvertently" left at his home by Orso (*see, People v Rodriguez,* 185 AD2d 902, 903). Further, cautioning instructions were delivered by the court to the jury to limit the consideration of such evidence to the issue of the credibility.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Madison County for a new trial.