OPINION OF THE COURT
Martin E. Smith, J.
*323 The defendant filed pretrial motions seeking, inter alia, inspection of the Grand Jury proceedings and dismissal of the indictment (which was denied in a written decision of this court issued December 4, 1997 prior to the commencement of a pretrial hearing), suppression of the results of a chemical analysis of defendant’s breath, and suppression of statements made by defendant to police officers.
In short, defendant alleged that the police officer lacked probable cause to arrest him for a violation of Vehicle and Traffic Law § 1192.
At the pretrial hearing conducted December 4, 1997 regarding defendant’s stop, arrest, statements and breath test the People introduced a videotape (exhibit 1) of defendant performing field sobriety tests and taking the intoxilyzer breath test at the Endicott Police Department subsequent to his arrest.
Defendant had been arrested at 11:15 p.m. on March 26, 1997 after “failing” field sobriety tests at the scene. Less than 15 minutes later he was again asked to perform the same tests at the police station.
The arresting officer administered both sets of tests and testified at the hearing that the defendant performed and failed both sets of tests to the same extent and in the same manner. The court has viewed exhibit 1.
Defendant, through counsel, renewed his motion to inspect the Grand Jury minutes and dismiss the indictment in light of the contents of the videotape and subsequent to receiving the Grand Jury testimony of the two officers who testified at the hearing. The court is constrained to grant defendant’s motion.
The Court of Appeals, in People v Valles (62 NY2d 36 [1984]), ruled that the People are required to present to a Grand Jury legal instructions regarding exculpatory defenses. And, the Court further stated that an “exculpatory defense is one that would, if believed, result in a finding of no criminal liability. The Grand Jury’s function being to protect citizens from having to defend against unfounded accusations, such complete defenses would ordinarily rest peculiarly within that body’s proper domain.” (People v Valles, supra, at 38-39.)
In People v Darrisaw (206 AD2d 661 [1994]), the Appellate Division, Third Department, addressed the prosecutor’s refusal to present to the Grand Jury an affidavit by a third person exonerating defendant, and held that a prosecutor is not obliged to present every exculpatory version of the facts to the Grand Jury. The Court therein stated that a Grand Jury hear *324 ing is “not intended to be a ‘mini-trial’, at which competing evidence is weighed” (People v Darrisaw, supra, at 663).
Further, the Court noted that the affidavit in question would only have raised questions of fact and credibility regarding the affidavit of the witness and the other witnesses who did testify concerning what they observed on the date in question.
Of significant note, the Court in Darrisaw also stated, “[t]o be sure, as an officer of the court the prosecutor has a duty to make a fair presentation to the Grand Jury, and to present all evidence that could, if believed, avoid a needless or unfounded prosecution” (People v Darrisaw, supra, at 663 [emphasis added]).
In the instant case not only was the Grand Jury not presented with the videotape of defendant’s field sobriety tests at the police station, they were not told that such tests were administered at all.
In short, the only evidence before the Grand Jury was the testimony of the two officers regarding their observations; their opinion as to defendant’s state of intoxication; and the results of the chemical analysis of defendant’s breath. Of note, the arresting officer testified before the Grand Jury that the defendant, in performing the tests at the scene of his arrest, was swaying and hopping around using his arms for balance; hit the top of his nose five times and the side of his nose once on the finger to nose test; fell out of balance on the walk and turn test; and fell and stumbled forward on the Rhomberg balance test.
And at the pretrial hearing, as already noted, the arresting officer testified defendant performed and failed the tests on both occasions in the same manner and to the same extent.
It is clear to this court that any objective review of the videotape clearly indicates that the defendant’s performance of those tests was far from failing. Accordingly, as exculpatory evidence the videotape should have been made available to the Grand Jury.
This determination should not be read as requiring that such videotaped tests must always be presented to the Grand Jury. The Court of Appeals in People v Mitchell (82 NY2d 509, 515) clearly held that the People “maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence * * * tending to exculpate the accused”.
Here both sides were aware of the videotape prior to Grand Jury presentation, although the defense did not see it until after defendant was indicted.
*325 And although such videotapes need not always be presented to a Grand Jury it is noted that in driving while intoxicated cases the trier of fact is often left with a decision as to whether or not the “opinion” of the arresting officer as to defendant’s state of intoxication, or lack thereof, will be accepted.
In this case where there was no evidence of erratic driving on the part of the defendant, and especially since the videotape shows the defendant performing those sobriety tests in a manner at odds with the opinion of the arresting officer and his partner, the videotape can indeed allow the Grand Jury to reach its own opinion.
The court finds that the failure to present the videotape to the Grand Jury impaired the integrity of the proceeding and prejudiced defendant (CPL 210.35 [5]).
The indictment is dismissed and the People have 45 days to present to another Grand Jury.