People v Douglas (2024 NY Slip Op 01953)

People v Douglas

2024 NY Slip Op 01953

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

113054
[*1]The People of the State of New York, Respondent,
v
Marcello Douglas, Appellant.

Calendar Date:February 13, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Cliff Gordon, Monticello, for appellant.
Emmanuel C. Nneji, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Ulster County (Bryan E. Rounds, J.), rendered March 18, 2021, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant was charged by indictment with two counts of criminal possession of a weapon in the second degree, stemming from his involvement in a shooting that occurred on the morning of February 26, 2019 on the streets of the City of Kingston, Ulster County. At the People's request, County Court ordered defendant to submit to a buccal swab over his objection. Defendant subsequently moved to dismiss the indictment, which motion was denied. Defendant ultimately pleaded guilty to one count of attempted criminal possession of a weapon in the second degree and purported to waive his right to appeal. Pursuant to the terms of the plea agreement, defendant was sentenced to five years in prison, followed by five years of postrelease supervision. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. Both County Court in its oral colloquy and the written waiver executed by defendant used overbroad language that mischaracterized the scope of the rights to be waived (see People v Kuhn, 221 AD3d 1182, 1183 [3d Dept 2023]; People v Arlt, 219 AD3d 986, 987 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v McNeil, 210 AD3d 1200, 1201 [3d Dept 2022]).
We reject defendant's contention that the integrity of the grand jury proceeding was impaired by the People's failure to present certain witness testimony identifying someone other than defendant as the shooter. Preliminarily, we note that defendant's claim survives his guilty plea (see People v Wilkins, 68 NY2d 269, 277 n 7 [1986]; People v Mack, 209 AD3d 1114, 1115 [3d Dept 2022], lv denied 39 NY3d 1112 [2023]), and the record reflects that he moved to dismiss the indictment upon this basis (see CPL 210.35 [5]; People v Cain, 209 AD3d 124, 125 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]). However, "[t]he prosecution's duty is to fairly present evidence in their possession to the [g]rand [j]ury sufficient to make out a prima facie case" and "it is not required to present exculpatory evidence unless it could, if believed, avoid a needless or unfounded prosecution" (People v Wiemeier, 222 AD2d 972, 973-974 [3d Dept 1995]; see People v Valles, 62 NY2d 36, 38 [1984]). Said differently, "the People maintain broad discretion in presenting their case to the [g]rand [j]ury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" (People v Mitchell, 82 NY2d 509, 515 [1993]). The grand jury serves a limited role, as "[a] [g]rand [j]ury hearing is not intended to be a 'mini-trial', at which competing evidence is weighed and questions of fact resolved; rather, its purpose is simply to determine whether the evidence proffered by the People, if fully credited, would support a conviction[*2]" (People v Darrisaw, 206 AD2d 661, 663 [3d Dept 1994]).
Here, although the omitted testimony may have been favorable to the defense, it bears noting that the People did not present any testimony before the grand jury for purposes of identification. Instead, the People's proof wholly consisted of circumstantial evidence tying defendant to a vehicle present at, and then fleeing from, the scene of the shooting. Evidence further placed that same vehicle in the vicinity of where a firearm and shell casings had also been recovered. The witness testimony identified by defendant merely presents an issue of fact for resolution by a trial jury and, in light of the circumstantial evidence presented by the People, it is uncertain that such testimony, even had it been presented, would have resulted in a finding of no criminal liability (see People v Valles, 62 NY2d at 38; People v Gray, 284 AD2d 664, 665 [3d Dept 2001], lv denied 97 NY2d 682 [2001]; People v Gibson, 241 AD2d 772, 774 [3d Dept 1997], lv denied 91 NY2d 873 [1997]). Following indictment by the grand jury, the People promptly informed defense counsel of the potentially exculpatory witnesses (see CPL 245.10; 245.20; see also People v Reese, 23 AD3d 1034, 1035 [4th Dept 2005], lv denied 6 NY3d 779 [2006]; People v Sawyer, 274 AD2d 603, 605-606 [3d Dept 2000], affd 96 NY2d 815 [2001]).
Finally, defendant contends that the People failed to demonstrate their entitlement to an order directing him to provide a buccal swab, which challenge is not forfeited by his guilty plea (see CPL 710.70 [2]). A "court order to obtain a bodily sample from a suspect may be issued provided the People establish (1) probable cause to believe the suspect has committed the crime, (2) a clear indication that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable" (People v Watkins, 180 AD3d 1222, 1231 [3d Dept 2020] [internal quotation marks and citation omitted], lv denied 35 NY3d 1030 [2020]; see People v Roshia, 133 AD3d 1029, 1030 [3d Dept 2015], affd 28 NY3d 989 [2016]). In further consideration of such an order, "the issuing court must weigh the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it, on the one hand, against concern for the suspect's constitutional right to be free from bodily intrusion on the other" (Matter of Abe A., 56 NY2d 288, 291 [1982]; accord People v Watkins, 180 AD3d at 1231). Here, the grand jury indictment provided the requisite probable cause for the order (see CPL former 240.40 [2] [b] [v]; People v Vieweg, 155 AD3d 1305, 1308 [3d Dept 2017], lv denied 30 NY3d 1121 [2018]; People v Roshia, 133 AD3d at 1030). DNA evidence submitted by the People with their application linked the same, unidentified individual to both the vehicle driven by defendant at the time of the shooting and to the firearm recovered at the scene. This evidence, taken together with that presented [*3]before the grand jury, not only provided an additional basis to establish probable cause, but also demonstrated that the buccal swab would supply relevant material evidence (see People v Fields, 160 AD3d 1116, 1118 [3d Dept 2018], lv denied 31 NY3d 1116 [2018]). In view of the seriousness of the crime, and the relatively unintrusive nature of the testing procedure, County Court did not err in granting the People's motion.
Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.