■ In the Matter of ANONYMOUS, Petitioner, v CHARLES F. CACCIABAUDO et al., Respondents.—Motion by the petitioner for reargument of a proceeding pursuant to CPLR article 78 which was determined by decision and judgment of this court dated August 28, 1989.

Ordered that the motion is granted and, upon reargument, the decision and judgment dated August 28, 1989, is recalled and vacated, and the following decision and judgment is substituted therefor.

Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent Cacciabaudo, a Judge of the County Court, and any other Justice of the Supreme Court or Judge of the County Court in Suffolk County from enforcing an order of the County Court, Suffolk County (Cacciabaudo, J.), dated June 29, 1989, which directed the petitioner to provide a sample of his blood at the Suffolk County Criminalistics Laboratory in connection with the investigation into the death of a named individual, and application by the petitioner to direct that the record of the instant proceeding be sealed.

Ordered that the application to seal the record of this proceeding is granted, without costs or disbursements; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements, and any temporary stays are vacated.

There is a conflict of authority with respect to whether a proceeding pursuant to CPLR article 78 in the nature of prohibition is a proper remedy for a suspect in a homicide investigation who seeks to prohibit enforcement of an order directing him to supply corporeal evidence *(see, Matter of James N. v D'Amico,* 139 AD2d 302 [4th Dept] [prohibition does not lie to obtain collateral review of an order directing a suspect to supply a dental cast impression]; *Matter of David M. v Dwyer,* 107 AD2d 884 [3d Dept] [prohibition does lie to obtain review of an order directing a suspect to provide blood and hair samples]). This court has previously held that the remedy of prohibition lies to review an order permitting the extraction of hairs from the head of a petitioner who is a defendant in a criminal proceeding and the order is directed toward the ultimate use of the evidence against him in that criminal proceeding *(Matter of Barber v Rubin,* 72 AD2d 347). While recognizing that prohibition is not traditionally a method of appellate review, this court, in an opinion by Justice Hopkins, held: "It is of course incontrovertible that in the event the petitioner were convicted, the procedure of obtaining the hair by the order and the admissibility of the evidence so procured could be challenged on appeal. Nevertheless, we perceive clear disadvantages to the petitioner and others who may be the subject of similar orders involving the compulsory examination of their person or requirements impinging on their liberty, if review of the propriety of the constraint is not provided and instead a determination is delayed for months or even years. The criteria of probable cause and necessity to justify the order should be promptly applied, lest the rights of the individual may needlessly be violated * * *. We should avoid this dilemma by authorizing an immediate test of the compulsion through prohibition, in the light of the gravity of the possible harm to the individual, the length of time an appeal from a conviction would endure, and the fact that the compulsion may indeed implicate a serious invasion of the individual's constitutional rights, if not corrected at once" *(Matter of Barber v Rubin, supra,* at 351-352).

More recently, this court has held, in the context of a directive that a suspect in a sexual abuse case provide samples of his head and pubic hairs, that "a proceeding in the nature of prohibition is a remedy which may be availed by a suspect who seeks review of a court order directing him to furnish bodily samples to the People" *(Matter of William D. v Rohl,* 148 AD2d 706, 707).

Reaching the merits of the instant case, we note that the People satisfactorily demonstrated (1) the existence of probable cause to believe that the suspect committed the crime under investigation, (2) a clear indication that relevant material evidence will be found and (3) a showing that the method used to secure that evidence is safe and reliable *(Matter of Abe A.,* 56 NY2d 288, 291). Firstly, with respect to the issue of probable cause, the People have presented sworn statements which establish that the petitioner attempted to create a false alibi for himself in connection with the murder investigation. Secondly, laboratory reports submitted herein, which state that seminal material was found in the victim's body, cogently evince the relevance and materiality of appropriate testing to compare the petitioner's blood characteristics with that material. Thirdly, the method proposed to obtain the corporeal evidence is safe and reliable in that the blood sample will be drawn by members of the Suffolk County Criminalistics Laboratory in accordance with accepted medical procedures.

Upon balancing the severity of the crime, the importance of the evidence to the investigation, and the unavailability of less intrusive means of obtaining it, against a concern for the suspect's constitutional right to be free from bodily intrusion *(Matter of Abe A., supra),* we conclude that the respondent Cacciabaudo properly directed the taking of blood samples from the petitioner. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.