■ In the Matter of ERNESTO THOMAS, Petitioner, v WILLIAM K. NELSON et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondent Gribetz from drawing blood samples from the petitioner pursuant to orders of the respondent Nelson dated March 8, 1990, March 21, 1990, and March 29, 1990, respectively, in connection with the investigation into the death of Arsenio Velez.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements, and any temporary stays are vacated.

It is well settled that a proceeding pursuant to CPLR article

78 seeking relief in the nature of a writ of prohibition may be brought by a suspect in a homicide investigation for review of a court order directing him to furnish bodily samples to the People *(see, Matter of Anonymous v Cacciabaudo,* 153 AD2d 856, 857; *Matter of William D. v Rohl,* 148 AD2d 706, 707).

Significantly, the petitioner and his codefendants have been formally charged, *inter alia,* with the crime of murder in the second degree in Rockland County indictment number 90-83. On the merits, we note that the People have satisfactorily demonstrated (1) the existence of probable cause to believe that the suspect committed the crime under investigation, (2) a clear indication that relevant material evidence will be found, and (3) a showing that the method used to secure that evidence is safe and reliable *(see, Matter of Abe A.,* 56 NY2d 288, 291). Upon balancing the severity of the crime, the importance of the evidence to the investigation, and the unavailability of less intrusive means of obtaining it against a concern for the suspect's constitutional right to be free from bodily intrusion *(Matter of Abe A., supra),* we conclude that the respondent Nelson properly directed the taking of blood and hair samples from this petitioner. Mangano, P. J., Thompson, Bracken and Brown, JJ., concur.