■ In the Matter of SCOTT CHAPLIN, Petitioner, v PATRICK J. McGRATH, as Judge of the Rensselaer County Court, Respondent. (Proceeding No. 1.) In the Matter of SCOTT CHAPLIN, Petitioner, v MARY O. DONOHUE, as District Attorney of Rensselaer County, Respondent. (Proceeding No. 2.) [626 NYS2d 294] —Mercure, J. Proceedings pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from obtaining blood samples and dental impressions of petitioner.

Petitioner is suspected of committing a murder in a staff apartment at an Association of Retarded Persons Care group home in the City of Troy, Rensselaer County, on March 24, 1994. Police investigation indicated that the female victim, a counselor working the overnight shift, had been bludgeoned to death with an unknown instrument. At the time of discovery of the victim's body, semen was found on her person and clothing. It was also determined that efforts had been made to wipe the crime scene clean with paper towels, and a roll of paper towels containing an impression resembling a human bite mark had been placed on a kitchen cupboard at some time during the victim's shift. Upon questioning by the police, petitioner, who had previously worked with the victim, voluntarily provided a dental model and gave an apparently false alibi. A forensic dentist thereafter examined the roll of paper towels, compared the dental model provided by petitioner and expressed the opinion, with a reasonable degree of scientific certainty, that the bite mark on the towel roll was caused by petitioner's teeth. The expert further indicated that his examination could not be "finalized" without life-size photographs and wax bites of petitioner's teeth.

Respondent Rensselaer County District Attorney made application for an order requiring petitioner to provide, among other things, a blood sample, dental impressions and photographs and a wax bite of his teeth so as to permit DNA comparison with the semen found on the victim's body and completion of the comparison of petitioner's teeth to the impressions found on the paper towels. County Court granted the application and, by the present CPLR article 78 proceedings, petitioner seeks to prohibit enforcement of County Court's order. Based upon the foregoing evidence submitted on the application, we conclude, as did County Court, that the District Attorney satisfied her burden of establishing (1) probable cause to believe that petitioner committed the crime, (2) a " 'clear indication' " that relevant material will be found, and

(3) that the method used to secure the samples will be safe and reliable *(see, Matter of Abe A.,* 56 NY2d 288, 291; *see also, Matter of Anonymous v Cacciabaudo,* 153 AD2d 856, 858, *appeal dismissed* 74 NY2d 890; *cf., Matter of David M. v Dwyer,* 107 AD2d 884). Balancing the severity of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it against our concern for petitioner's right to be free from bodily intrusion, we conclude that the application was properly granted *(see, Matter of Abe A., supra; Matter of Anonymous v Cacciabaudo, supra).* Petitioner's contrary contentions are found to lack merit. We accordingly dismiss the petitions.

Cardona, P. J., White, Casey and Spain, JJ., concur. Adjudged that the petitions are dismissed, without costs.