■ In the Matter of VICTOR VALDES, Petitioner, v NICHOLAS DEROSA et al., Respondents. [814 NYS2d 234]—

Proceeding pursuant to CPLR article 78 to prohibit the respondents from enforcing an order of the County Court, Orange County (DeRosa, J.), dated January 26, 2006, which directed the petitioner to furnish buccal swab samples upon notice from the District Attorney in connection with the investigation of the death of a named individual.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from enforcing the order dated January 26, 2006.

The petitioner is a suspect in a death the police are investigating as a homicide. A police report of the investigation indicates, inter alia, that two human hairs were recovered. The District Attorney moved pursuant to *Matter of Abe A.* (56 NY2d 288 [1982]) for an order directing the petitioner to provide buccal swab samples to enable a comparison of DNA evidence obtained from the samples to DNA to be obtained from the hairs. The County Court granted the requested relief in an order dated January 26, 2006. We grant the petition to prohibit the enforcement of that order.

A proceeding in the nature of prohibition is a remedy which may be availed by a suspect who seeks review of a court order directing him or her to furnish bodily samples to the District Attorney (*see Matter of Abe A.,* 56 NY2d 288, 296 n 3 [1982]; *Matter of Thomas v Nelson,* 160 AD2d 1010 [1990]; *Matter of Anonymous v Cacciabaudo,* 153 AD2d 856 [1989]; *Matter of William D. v Rohl,* 148 AD2d 706 [1989]). In *Matter of Barber v Rubin* (72 AD2d 347, 351-352 [1980]), this Court held, in circumstances analogous to the circumstances herein: "It is of course incontrovertible that in the event the petitioner were convicted, the procedure of obtaining the hair by the order and the admissibility of the evidence so procured could be challenged on appeal. Nevertheless, we perceive clear disadvantages to the petitioner and others who may be the subject of similar orders involving the compulsory examination of their person or requirements impinging on their liberty, if review of the propriety of the constraint is not provided and instead a determination is delayed for months or even years. The criteria of probable cause and necessity to justify the order should be promptly applied, lest the rights of the individual may needlessly be violated . . . We should avoid this dilemma by authorizing an immediate test of the compulsion through prohibition, in

the light of the gravity of the possible harm to the individual, the length of time an appeal from a conviction would endure, and the fact that the compulsion may indeed implicate a serious invasion of the individual's constitutional rights, if not corrected at once."

In support of his motion pursuant to *Matter of Abe A. (supra)*, the District Attorney was required to demonstrate, inter alia, that there was a "clear indication" that relevant material evidence will be found from the requested buccal swab samples (*id.* at 291; *see Matter of William D. v Rohl, supra*). However, the District Attorney's motion did not indicate that any testing had been done on the hairs to determine whether they belonged to the victim or to someone else. Indeed, it is not even clear from the papers submitted in support of the motion where the hairs were recovered from. Rather, while the District Attorney's affirmation submitted in support of the motion asserted that the hairs were recovered from the victim's shirt, the source of this information is not identified. Consequently, the District Attorney failed to demonstrate that there was a clear indication that relevant material evidence will be found from the requested samples (*see Matter of William D. v Rohl, supra*). Thus, we prohibit enforcement of the order granting the District Attorney's motion.

In light of this determination, the parties' remaining contentions need not be reached. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.