OPINION OF THE COURT
John M. Hunt, J.
I
The presentment agency, Corporation Counsel of the City of New York, has moved for an order authorizing the temporary release of the respondent, Daniel C., from the custody of the New York City Department of Juvenile Justice to the custody of a New York City police detective so that the detective may conclude an investigation into other possible criminal activity in which respondent is a suspect.
By petition filed pursuant to Family Court Act § 310.1 on October 25, 2006 respondent is alleged to have committed acts which, were he an adult, would constitute the crimes of attempted robbery in the first and second degrees, robbery in the third degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree and menacing in the third degree.
Respondent’s initial appearance upon the petition was concluded by the court on October 25, 2006 and he was released to the custody of his father under the conditions that he obey a 6:00 p.m. curfew and a temporary order of protection which directed, inter alia, that he have no contact with the alleged victim (Family Ct Act § 320.5 [1], [2]; § 304.2; 22 NYCRR 205.25). Respondent thereafter filed a pretrial motion and the court ordered Wade and Huntley hearings for December 12, 2006. On that date, the Assistant Corporation Counsel advised the court that she had been informed that respondent was suspected of committing another robbery in August of 2006, but that no charges had been filed concerning that incident because the alleged victim in that incident had not positively identified the respondent as the perpetrator, although he was apparently identified by an eyewitness. The case was adjourned until December 13, 2006 so that a new law guardian could be appointed and to permit the Department of Probation to obtain records relating to the respondent and to conduct a drug test. The court stated that the presentment agency could renew its *545 application to have respondent detained in the event that either criminal or juvenile delinquency proceedings were commenced against respondent with respect to the August 2006 incident.
On December 13, 2006 a new law guardian was appointed and the court was advised by the Department of Probation that respondent had not been attending school regularly and that he had tested positive for marijuana. Accordingly, the court revoked its order releasing respondent and entered an order directing his detention pending further proceedings upon the petition on December 21, 2006 (see, Family Ct Act § 320.5 [3]). On December 18, 2006 the presentment agency filed its first application for an order directing respondent’s temporary release from detention in relation to the August 2006 incident and that application was denied with leave to renew upon the submission of further papers. On December 21, 2006, respondent entered an admission that he committed an act which would constitute the crime of grand larceny in the fourth degree in satisfaction of the petition and the case was continued for a dispositional hearing. Respondent’s detention was continued and the court directed that the Department of Probation conduct an investigation and that respondent be evaluated by the Family Court Mental Health Services Clinic (Family Ct Act § 351.1 [2]). On January 11, 2007 the case was further adjourned so that respondent could be examined by a neurologist and in order to determine whether respondent was suitable for placement on probation under the “Esperanza” program, which is a project of the Vera Institute of Justice designed to provide intensive community based supervision for adjudicated juvenile delinquents and youthful offenders. On that same date, the presentment agency filed the present motion seeking respondent’s temporary release to the police department. The dispositional hearing has since been adjourned until February 28, 2007 for a further exploration of possible dispositional alternatives and for completion of the neurological evaluation of the respondent.
A
In support of the application for the order temporarily releasing the respondent to the custody of Detective McGuire of the 109th Precinct Detective Squad,[1] the presentment agency states, in pertinent part, that the respondent should be released to the custody of the detective for the purpose of his appearance in a *546 lineup and for arrest processing relating to a robbery of a victim named A.C. which is alleged to have occurred in Queens County on August 6, 2006. According to the Assistant Corporation Counsel, she has been informed by Detective McGuire that A.C. informed him that “he was approached by a group of males” in “the vicinity of Union Street and 33rd Avenue” and that he was “punched and kicked” and his personal property was taken from his person. Additionally, Detective McGuire interviewed an eyewitness named D.K. who told the detective that respondent, “who is also known as ‘Go Ku’ approached the victim with a group of males who punched and kicked the victim on or about August 6, 2006.” Moreover, D.K. “did identify the respondent, Daniel C[.], as the person who punched the victim in the stomach and took property from the victim. Furthermore, the complainant [A.C.] recently identified the respondent from a photo array as being one of the individuals involved in the robbery committed against him.”
II
The Family Court acquired jurisdiction over the person of the respondent upon the filing of the pending juvenile delinquency petition against respondent on October 25, 2006. That jurisdiction includes the authority to release the respondent under authorized terms and conditions pending further proceedings upon the petition, as well as authority to direct that he be held in detention (Family Ct Act § 320.5).[2] Because “[t]he consequences of prolonged detention may be more serious than the interference occasioned by [an] arrest[, and] [p]retrial confinement may imperil the suspect’s job, interrupt his source of income, and impair his family relationships” (Gerstein v Pugh, 420 US 103, 114 [1975]), as a general rule “[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception” (United States v Salerno, 481 US 739, 755 [1987]).[3]
*547 Thus, while preventive pretrial detention is the exception in the adult criminal justice system, it is employed far more routinely in juvenile delinquency proceedings. Courts have recognized a legitimate state interest in treating juveniles differently than adults with respect to preventive pretrial detention, which has been found to be both statutorily sanctioned and constitutionally permissible as applied to juveniles. In uniformly upholding juvenile pretrial detention statutes, courts have given great weight to the juvenile’s presumed lack of maturity and inability to make sound judgments as well as the need to protect the juvenile and the community from the possibility that the juvenile may engage in further acts of delinquency prior to trial (Schall v Martin, 467 US 253, 274 [1984]; People ex rel. Wayburn v Schupf, 39 NY2d 682, 687-689 [1976]; Alfredo A. v Superior Ct., 6 Cal 4th 1212, 1215, 865 P2d 56, 58 [Sup Ct 1994], cert denied 513 US 822 [1994]; People v Juvenile Ct., City & County of Denver, 893 P2d 81, 94-95 [Colo Sup Ct 1995]; Morris v D’Amario, 416 A2d 137, 139-140 [RI Sup Ct 1980]; see also, Reno v Flores, 507 US 292 [1993] [upholding Immigration and Naturalization Service regulation providing for prehearing preventive detention of juvenile aliens]).[4]
A
Thus, given the court’s in personam jurisdiction over the respondent by virtue of the filing of the pending juvenile delinquency proceeding and the subsequent detention order entered *548 in this case, the court must determine whether it may order respondent released to the custody of law enforcement authorities for the purpose of permitting them to conduct and complete their investigation into criminal activity unrelated to the pending case in which respondent is a suspect.
Clearly, the Family Court Act authorizes the court to enter an order directing that an accused juvenile delinquent perform certain acts or submit to certain intrusions. Aside from the authority to order the respondent detained pending further proceedings, a clear curtailment of the juvenile’s liberty interest, the court may parole him or her upon specific conditions.[5] In addition, the court is authorized to direct that a respondent appear in a lineup, speak for identification by a witness or a potential witness, be fingerprinted, pose for photographs, permit the taking of samples of blood or other materials from his or her body, provide a handwriting sample, or submit to a reasonable physical or medical examination of his or her body (Family Ct Act § 331.3 [2] [b] [i]-[vii]; see, CPL 240.40 [2] [b] [i]-[vii]; People v Middleton, 54 NY2d 42, 47 [1981]; People v Slavin, 1 NY3d 392, 397 [2004], cert denied 543 US 818 [2004]; People v Randt, 142 AD2d 611, 613 [1988]; Matter of Ford v Kreindler, 206 AD2d 425, 426 [1994]; People v Pryor, 14 AD3d 723, 725 [2005], lv denied 6 NY3d 779 [2006]; People v Kopp, 33 AD3d 153, 159 [2006], lv denied 7 NY3d 849 [2006]).
The Family Court’s authority to compel nontestimonial evidence under Family Court Act § 331.3, like that of a criminal court acting pursuant to Criminal Procedure Law § 240.40, is circumscribed by both statutory and constitutional limitations. To that end, the Criminal Procedure Law and Family Court Act both provide in almost identical language, that
“[t]his subdivision shall not be construed to limit, expand, or otherwise affect the issuance of a . . . court order, as may be authorized by law, before the filing of an accusatory instrument [petition] consistent with such rights as the defendant [respondent] may derive from the constitution of this state or of the United States” (CPL 240.40 [2] [emphasis added]; Family Ct Act § 331.3 [2]), thus reflecting the *549 possibility that a court order for nontestimonial evidence may be sought prior to the filing of an accusatory instrument or delinquency petition.
An application for a court order authorizing prefiling disclosure of nontestimonial evidence is an integral part of a criminal action or juvenile delinquency proceeding, as evidenced by the fact that in order to prevail upon their application, the prosecution must demonstrate to the court that there is probable cause or reasonable cause to believe that the respondent committed the crimes for which his production is sought, as well as a clear indication that the nontestimonial evidence which is being sought will result in the discovery of relevant material evidence or substantive probative evidence (Matter of Abe A., 56 NY2d 288, 298 [1982]; People v Moselle, 57 NY2d 97, 108 [1982]; Matter of William D. v Rohl, 148 AD2d 706, 707 [1989]; Matter of Tucker v Buscaglia, 262 AD2d 979, 979-980 [1999]; People v Afrika, 9 AD3d 876, 877 [2004], amended 11 AD3d 1046 [2004]; People v Clark, 15 AD3d 864, 865 [2005], lv denied 4 NY3d 885 [2005] ; Matter of Valdes v DeRosa, 28 AD3d 781, 782 [2006]; see also, People v Bush, 112 AD2d 1046, 1047 [1985]; People v Pryor, 14 AD3d 723, 725 [2005]).
Reasonable cause means probable cause (People v Maldonado, 86 NY2d 631, 635 [1995]; People v Chaney, 253 AD2d 562, 563 [1998]; Fitzpatrick v Rosenthal, 29 AD3d 24, 28 [2006], lv denied 6 NY3d 715 [2006]), and probable cause is defined as having knowledge of facts and circumstances sufficient to support a reasonable belief that a crime has been committed by the respondent (see, People v Bigelow, 66 NY2d 417, 423 [1985]; People v Hicks, 68 NY2d 234, 238 [1986]; People v Yancy, 86 NY2d 239, 245 [1995]; People v Maldonado at 635; People v Shulman, 6 NY3d 1, 25-26 [2005], cert denied — US —, 126 S Ct 1623 [2006] ). In determining whether probable cause sufficient to order nontestimonial evidence exists, the court should consider all of the facts and circumstances presented in their entirety (see, People v Shulman at 26; People v Agha, 37 AD3d 1202, 1205 [2007] ), and the court may rely upon hearsay information in reaching its determination (People v Clark at 865; People v Afrika, 13 AD3d 1218, 1220 [2004], lv denied 4 NY3d 827 [2005]; People v Kopp at 159).
Here, a review of the Assistant Corporation Counsel’s affirmation concerning the respondent’s status as a suspect in the assault and robbery alleged to have occurred in Queens County on August 6, 2006 indicates that there are sufficient facts under the applicable New York probable cause standard which create a *550 reasonable belief that respondent was involved in that incident (see, People v Bigelow at 423; People v Hetrick, 80 NY2d 344, 348 [1992]; People v Richards, 32 AD3d 545, 547 [2006]; People v Bahr, 35 AD3d 909, 910 [2006]). Specifically, a named eyewitness, D.K., informed Detective McGuire that respondent was one of a group of males who assaulted and robbed the victim on August 6, 2006 and the eyewitness provided the detective with respondent’s alias, Go Ku. In addition, the alleged victim, A.C., told Detective McGuire that he was assaulted and robbed by a group of males on August 6, 2006 and, critically, both the eyewitness and the victim have identified respondent as one of the perpetrators by means of a photographic array conducted by the police. These facts and circumstances, based upon interlocking information provided by the alleged victim and an eyewitness, establish probable cause to believe respondent was involved in the incident of August 6, 2006. While it does appear that there is already sufficient information available to both the police and the presentment agency to arrest and file a petition against the respondent for the August 6, 2006 incident, that is not a factor which the court may consider upon this application. The fact that probable cause to arrest already appears to exist is not a ground upon which an application to compel nontestimonial evidence may be denied.
The protection of the rights of juveniles who are accused or suspected of committing crimes is a high priority (see, People v Mitchell, 2 NY3d 272, 275 [2004]; People v Salaam, 83 NY2d 51, 55-57 [1993]; People v Gotte, 150 AD2d 488 [1989], lv denied 74 NY2d 896 [1989]; Matter of Robert P., 177 AD2d 857, 858 [1991]; People v Smith, 217 AD2d 221, 232 [1995], lv denied 87 NY2d 977 [1996]; People v Morales, 228 AD2d 525 [1996], lv denied 88 NY2d 1070 [1996]). Given that the application will be granted, the issue remains whether any specific conditions should be imposed by the court to protect the rights of this detained respondent. Since respondent’s right to counsel (see, In re Gault, 387 US 1, 34-42 [1967]; Matter of Lawrence S., 29 NY2d 206, 209 [1971]; Family Ct Act §§ 241, 249 [a]; § 320.2 [2]) has indelibly attached with respect to the criminal acts allegedly committed on August 6, 2006 by virtue of the presentment agency’s application to this court for his temporary release from detention to the custody of the police for their investigation of the August 6, 2006 incident (see, Kirby v Illinois, 406 US 682, 688 [1972]; People v West, 81 NY2d 370, 373 [1993]; People v Ramos, 99 NY2d 27, 32 [2002]; People v Grice, 100 NY2d 318, 320-321 *551 [2003]; see also, People v Burdo, 91 NY2d 146, 150 [1997]; People v Cohen, 90 NY2d 632, 638 n [1997]),[6] and respondent is presently represented by a law guardian in the present case who has filed papers in opposition to the presentment agency’s application, it is appropriate to condition the court’s order of temporary release to ensure that respondent’s right to counsel as to the pending petition and the crimes allegedly committed by him on August 6, 2006 is respected.
Accordingly, it is hereby ordered that the presentment agency’s motion is granted and the Commissioner of Juvenile Justice shall temporarily release the respondent to the custody of New York City Police Detective McGuire or another member of the police department for the purpose of placing respondent in a lineup concerning the incident alleged to have occurred in Queens County on August 6, 2006 and for any other lawful purpose which may include, without limitation, questioning and arrest processing; and it is further ordered that respondent shall not be placed in any lineup or be questioned by members of the police department concerning the incident of August 6, 2006 in the absence of his Law Guardian, Patrick A. Griffiths, Esq., and it is further ordered that the presentment agency shall provide Mr. Griffiths and the Department of Juvenile Justice with reasonable notice of the date and time upon which respondent shall be temporarily released to the custody of Detective McGuire or other member of the police department and that Mr. Griffiths shall be permitted a reasonable opportunity to appear at the location where any lineup or other investigation shall occur; and it is further ordered that, upon completion of the investigation by Detective McGuire or other member of the police department, respondent shall be returned to the place where he is being detained by the Commissioner of Juvenile Justice pursuant to the detention order issued by this court in this case.

. The motion refers to the requested order as a “takeout order.” However, the court has denominated the application as one seeking the temporary release of the juvenile from detention.

. While there is no right to bail in a juvenile delinquency proceeding and a juvenile may not be released on recognizance (Matter of Natasha C., 80 NY2d 678, 681 [1993]), an order entered at the initial appearance pursuant to Family Court Act § 320.5 is the functional equivalent of a securing order entered in a criminal action (see, CPL 510.10-510.30; Matter of Bauer, 3 NY3d 158, 160 [2004]).

. In United States v Salerno, the Supreme Court found the provisions of the federal Bail Reform Act of 1984 (18 USC § 3141 et seq.) which provides for pretrial detention of persons charged with serious felonies to be constitutional (481 US at 755). In upholding the statute, the Court observed that pretrial *547 detention could only be ordered after an adversarial hearing at which the government established that the defendant poses a threat to the safety of individuals or society which cannot be dispelled by any conditions of release imposed by the trial court (id.; see, United States v Montalvo-Murillo, 495 US 711, 717 [1990]). In reaching a determination on whether to order pretrial detention, the trial court is required to consider several factors, including the nature and seriousness of the charges, the weight of the government’s evidence against the defendant, the defendant’s background and character, and the particular danger which would occur were the defendant to be released pending trial (481 US at 742-743).

. The cases finding pretrial preventive detention of alleged juvenile delinquents constitutional have been subject to criticism on the ground that such detention impermissibly interferes with and violates the minor’s liberty interest under the Constitution, and that the courts rely on unsupported generalizations concerning young people in deciding whether to detain them pending trial (e.g., Note, Pretrial Detention of Juveniles: Denial of Equal Protection Masked by the Parens Patriae Doctrine, 95 Yale LJ 174, 185-186 [1985] [State’s disparate treatment of juveniles with respect to pretrial detention denies equal protection]; Comment, The Supreme Court and Pretrial Detention of Juveniles: A Principled Solution to a Due Process Dilemma, 132 U Pa L Rev 95, 111 [1983] [statutes force decisions that are premature and not based upon complete information]).

. Should the respondent be released at the initial appearance, the court may direct that he or she attend school regularly, abstain from committing crimes or offenses under the Penal Law, observe a curfew and participate in an alternative to detention program (22 NYCRR 205.25 [a] [l]-[5]). Random drug testing is also imposed as a condition of release where drug use is a concern (22 NYCRR 205.25 [a] [5]).

. A juvenile’s right to counsel is not dependent upon when a formal juvenile delinquency petition is filed by the presentment agency pursuant to Family Court Act § 310.1 (1). Notably, Family Court Act § 320.3 provides, in pertinent part, that “[a]t the time the respondent first appears before the court, the respondent and his [her] parent or other person legally responsible for his [her] care shall be advised of the respondent’s . . . right to be represented by counsel” (emphasis added), and a respondent’s first appearance on a particular set of charges may occur prior to the filing of a petition (e.g., Family Ct Act § 307.3 [4]; § 307.4 [2] [application for prepetition detention]).