*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 19, 2015        105773
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                Respondent,

     v                        MEMORANDUM AND ORDER

JAMES M. ROSHIA JR.,
                Appellant.
_____

Calendar Date: September 15, 2015

Before: Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

_____

Albert F. Lawrence, Greenfield Center, for appellant.

Alexander Lesyk, Special Prosecutor, Norwood, for respondent.

_____

Lynch, J.

Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered March 21, 2013, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the first degree.

Defendant, who owned a business that catered to young adults interested in gaming, was arrested and charged in a four-count indictment after he engaged in certain sexual conduct with an 18-year-old woman in the back room of his business. Following the indictment, County Court ordered defendant to submit to a buccal swab. While in jail awaiting trial, defendant allegedly solicited another person to murder the victim and to set both the victim's body and the building housing his gaming business on fire. He also allegedly committed insurance fraud by

filing a claim to collect proceeds after he hired someone to burglarize his business.  In satisfaction of the four charges in the indictment and the subsequent uncharged conduct, defendant pleaded guilty to criminal sexual act in the first degree. County Court sentenced defendant to a prison term of 10 years, followed by 10 years of postrelease supervision and ordered defendant to pay restitution in the amount of $11,253.09. Defendant appeals.

The People correctly concede that the appeal waiver was invalid, given that County Court failed to inform defendant that his appeal rights were separate and distinct from those rights automatically forfeited upon a plea (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Zabawczuk, 128 AD3d 1267, 1268-1269 [2015], lv denied 26 NY3d 937 [2015]). Turning to the merits of the appeal, defendant contends that County Court erred by directing him to provide a buccal swab (see CPL 240.40 [2] [b] [v]).  This challenge may be reviewed on appeal notwithstanding defendant's plea (see CPL 710.70 [2]).  In their application, the People represented that the evidence included a sexual evidence assault kit and that "a control sample of the defendant's DNA [was] necessary to complete the analysis and subsequent comparison."  Defendant maintains that this showing was inadequate, contending that the People were first required to identify the presence of bodily fluid from another person on or within the victim.  In Matter of Abe A. (56 NY2d 288 [1982]), the Court of Appeals held that a court order to obtain a bodily sample from a suspect may be issued only where the People establish "(1) probable cause to believe the suspect has committed the crime, (2) a 'clear indication' that relevant material evidence will be found, and (3) the method used to secure it is safe and reliable" (id. at 291; see People v Fomby, 103 AD3d 28, 29-30 [2012], lv denied 21 NY3d 1015 [2013]). Essentially, defendant asserts no "clear indication" was demonstrated.  The standard enunciated in Matter of Abe A. (supra), however, governs a pre-accusatory instrument application to secure corporeal evidence from a suspect.  Here, the grand jury indictment provided the requisite probable cause and statutory authority for County Court's order (see CPL 240.40 [2] [b] [v]; People v Pryor, 14 AD3d 723, 725 [2005], lv denied 6 NY3d 779 [2006]; William C. Donnino, Practice Commentaries,

McKinney's Cons Laws of NY, Book 11A, CPL 240.40 at 173). Further, given the seriousness of the crime and the securing of a sexual evidence assault kit, County Court had a reasoned basis to issue the order.

Defendant next contends that he received ineffective assistance of counsel because his attorney did not adequately investigate his case, was not responsive and did not keep him apprised of developments during the pendency of his case. Generally, an ineffective assistance claim does not lie "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Desmond, 118 AD3d 1131, 1135 [2014], lv denied 24 NY3d 1002 [2014]). Further, "[i]t is well settled that in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Wares, 124 AD3d 1079, 1080 [2015], lv denied 25 NY3d 993 [2015]; accord People v Vonneida, 130 AD3d 1322, 1322 [2015]).

Here, after defendant wrote two letters to County Court alleging that counsel coerced him into pleading guilty, counsel sought to be relieved of her assignment. At a subsequent hearing on the request, defendant detailed his claims with regard to counsel's shortcomings, but he also confirmed that counsel visited him in jail and properly requested and appeared at pretrial hearings. The record confirms that counsel made appropriate discovery requests, effectively cross-examined witnesses at a suppression hearing and disputed the admissibility of certain evidence. Counsel ensured that the uncharged crimes were included in the plea, which was, in our view, highly favorable. Accordingly, viewing the record in totality, we find that defendant received meaningful representation (see People v Cavallaro, 123 AD3d 1221, 1223 [2014]).

Finally, defendant claims that County Court improperly ordered him to pay restitution without first holding an evidentiary hearing. Because defendant did not request a hearing

or otherwise object to the amount awarded at sentencing, this argument is not preserved for our review (see People v White, 119 AD3d 1286, 1287 [2014], lv denied 24 NY3d 1222 [2015]; People v Leone, 101 AD3d 1352, 1353 [2012], lv denied 21 NY3d 913 [2013]; People v Empey, 73 AD3d 1387, 1389 [2010], lv denied 15 NY3d 804 [2010]).

Peters, P.J., and Lahtinen, J., concur.


McCarthy, J., (dissenting).

The relevant facts are uncontested. The People applied for a court order to conduct a buccal swab of defendant in order to obtain a sample of his DNA, and they asserted that such a sample was necessary for comparative purposes. Despite the fact that the People had obtained a sexual assault evidence kit, they did not assure County Court that the kit contained evidence in the form of DNA from an unidentified person. Given these facts, if the sexual assault evidence kit was later tested and only revealed the DNA of known persons, the governmental intrusion of defendant's body would serve no probative purpose in regard to the charged crimes.

Nonetheless, the majority holds that, because defendant was indicted, because he was charged with serious crimes and because the People established that they had secured a sexual assault evidence kit, it was reasonable to permit this governmental intrusion upon defendant's body. I disagree and find that the order was in violation of the Fourth Amendment. Accordingly, I respectfully dissent.[1]

In Matter of Abe A. (56 NY2d 288 [1982]), the Court of Appeals set forth the governing legal test for the "Fourth Amendment inquiry . . . focusing on [a] bodily intrusion" (id. at 297). As is relevant to this appeal, the Court established that, in order to justify the intrusion upon a suspect's body for the

_____

[1] I agree with the majority's conclusion that defendant's waiver of appeal was invalid.

purpose of collecting evidence, the People must supply a court with a "clear indication that the intrusion will supply substantial probative evidence" (id. at 297 [internal quotation marks omitted]).  The satisfaction of the clear indication test is "a sine qua non," that is, an indispensable requirement, of any such intrusion (id. at 297 [emphasis omitted]).  As elucidated by the Supreme Court of the United States, this is because the Fourth Amendment forbids "any [bodily] intrusions on the mere chance that desired evidence might be obtained" (Schmerber v California, 384 US 757, 770 [1966]; accord Gonzalez v City of Schenectady, 728 F3d 149, 165 [2d Cir 2013]).  In turn, that principle renders an indictment and/or the seriousness of a charged crime irrelevant to the inquiry in the event that the People fail to satisfy the clear indication test (see e.g. Matter of Valdes v DeRosa, 28 AD3d 781, 782-783 [2006]; Matter of David M. v Dwyer, 107 AD2d 884, 886 [1985]).

Turning to the indispensable requirement that the People provide a "clear indication that the [proposed bodily] intrusion will supply substantial probative evidence" (Matter of Abe A., 56 NY2d at 297 [internal quotation marks omitted]), the People failed to assure County Court that they had DNA evidence within their possession that would render defendant's DNA relevant to the question of his guilt.  In the absence of evidence from the People that they have tested biological materials related to the commission of an alleged crime and concluded that they came from an unknown person, this Court and the Second Department have both held that the People failed to clearly indicate that an intrusion upon a suspect's body to obtain biological material for comparison would supply substantial probative evidence (see Matter of Valdes v DeRosa, 28 AD3d at 783; Matter of David M. v Dwyer, 107 AD2d at 885-886).  Pursuant to that precedent, which is consistent with the application of the aforementioned rules, I am constrained to conclude that the People failed to satisfy the clear indication test here (see Matter of Valdes v DeRosa, 28 AD3d at 783; Matter of David M. v Dwyer, 107 AD2d at 885-886; see generally Schmerber v California, 384 US at 770; Matter of Abe A., 56 NY2d at 297-298).  Given that this error undermines the knowing, voluntary and intelligent nature of defendant's plea, the conviction must be reversed (see e.g. People v George, 127 AD3d 1496, 1499 [2015]; People v Bradshaw, 76 AD3d 566, 572-573

[2010], affd 18 NY3d 257 [2011]).


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court