McCarthy, J.
(dissenting). The relevant facts are uncontested. The People applied for a court order to conduct a buccal swab of defendant in order to obtain a sample of his DNA, and they asserted that such a sample was necessary for comparative *1032 purposes. Despite the fact that the People had obtained a sexual assault evidence kit, they did not assure County Court that the kit contained evidence in the form of DNA from an unidentified person. Given these facts, if the sexual assault evidence kit was later tested and only revealed the DNA of known persons, the governmental intrusion of defendant’s body would serve no probative purpose in regard to the charged crimes.
Nonetheless, the majority holds that, because defendant was indicted, because he was charged with serious crimes and because the People established that they had secured a sexual assault evidence kit, it was reasonable to permit this governmental intrusion upon defendant’s body. I disagree and find that the order was in violation of the Fourth Amendment. Accordingly, I respectfully dissent.*
In Matter of Abe A. (56 NY2d 288 [1982]), the Court of Appeals set forth the governing legal test for the “Fourth Amendment inquiry . . . focusing on [a] bodily intrusion” (id. at 297). As is relevant to this appeal, the Court established that, in order to justify the intrusion upon a suspect’s body for the purpose of collecting evidence, the People must supply a court with a “clear indication that the intrusion will supply substantial probative evidence” (id. at 297 [internal quotation marks omitted]). The satisfaction of the clear indication test is “a sine qua non,” that is, an indispensable requirement, of any such intrusion (id. at 297 [emphasis omitted]). As elucidated by the Supreme Court of the United States, this is because the Fourth Amendment forbids “any [bodily] intrusions on the mere chance that desired evidence might be obtained” (Schmerber v California, 384 US 757, 770 [1966]; accord Gonzalez v City of Schenectady, 728 F3d 149, 165 [2d Cir 2013]). In turn, that principle renders an indictment and/or the seriousness of a charged crime irrevelant to the inquiry in the event that the People fail to satisfy the clear indication test (see e.g. Matter of Valdes v DeRosa, 28 AD3d 781, 782-783 [2006]; Matter of David M. v Dwyer, 107 AD2d 884, 886 [1985]).
Turning to the indispensable requirement that the People provide a “clear indication that the [proposed bodily] intrusion will supply substantial probative evidence” (Matter of Abe A., 56 NY2d at 297 [internal quotation marks omitted]), the People failed to assure County Court that they had DNA evidence within their possession that would render defendant’s DNA relevant to the question of his guilt. In the absence of evidence *1033 from the People that they have tested biological materials related to the commission of an alleged crime and concluded that they came from an unknown person, this Court and the Second Department have both held that the People failed to clearly indicate that an intrusion upon a suspect’s body to obtain biological material for comparison would supply substantial probative evidence (see Matter of Valdes v DeRosa, 28 AD3d at 783; Matter of David M. v Dwyer, 107 AD2d at 885-886). Pursuant to that precedent, which is consistent with the application of the aforementioned rules, I am constrained to conclude that the People failed to satisfy the clear indication test here (see Matter of Valdes v DeRosa, 28 AD3d at 783; Matter of David M. v Dwyer, 107 AD2d at 885-886; see generally Schmerber v California, 384 US at 770; Matter of Abe A., 56 NY2d at 297-298). Given that this error undermines the knowing, voluntary and intelligent nature of defendant’s plea, the conviction must be reversed (see e.g. People v George, 127 AD3d 1496, 1499 [2015]; People v Bradshaw, 76 AD3d 566, 572-573 [2010], affd 18 NY3d 257 [2011]).
Ordered that the judgment is affirmed.

 I agree with the majority’s conclusion that defendant’s waiver of appeal was invalid.