**People v Suarez**

2022 NY Slip Op 34691(U)

November 29, 2022

County Court, Westchester County

Docket Number: Indictment No. 20-70271

Judge: Robert J. Prisco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

SANDRO SUAREZ,

                                  **Defendant.**
-----------------------------------------------------------------x
**ROBERT J. PRISCO, J.**

ORDER
DNA SAMPLE

Indictment No: 20-70271

Legacy 133/20

During a court appearance on July 29, 2022, the People served and filed a Notice of Motion for the Taking of Buccal Cell Samples, an Affirmation in Support of the Taking of Buccal Cell Samples, and a Memorandum of Law seeking an Order "requiring the defendant to permit the taking of DNA samples from his body via buccal cell swabs," pursuant to CPL § 245.40 (1) (e).

On August 30, 2022, Defendant filed an Affirmation in Opposition to the People's Motion for the Taking of Buccal Cell Samples, which is attached to his motion seeking omnibus relief.

CPL § 245.40 (1) (e) provides that, "[a]fter the filing of an accusatory instrument, and subject to constitutional limitations, the court may, upon motion of the prosecution showing probable cause to believe the defendant has committed the crime, a clear indication that relevant material evidence will be found, and that the method used to secure such evidence is safe and reliable, require a defendant to provide non-testimonial evidence, including to [p]ermit the taking of samples of the defendant's blood, hair, and other materials of the defendant's body that involves no unreasonable intrusion thereof."

Although CPL § 245.40 was enacted on January 1, 2020, the necessary showing by the prosecution to permit the taking of corporeal samples from a defendant has existed since *Matter of Abe A.*, 56 NY2d 288, 291 [1982]. While the requirements set forth in *Matter of Abe A.* pertained to a pre-accusatory instrument application to obtain corporeal evidence from a suspect, CPL § 245.40 (1) (e) now specifically covers applications to obtain corporeal evidence from a defendant, like Defendant Suarez, upon whom an accusatory instrument has already been filed.

In the case at bar, pursuant to Indictment No. 20-70271, Defendant Suarez was charged with one count of Burglary in the Third Degree pursuant to Penal Law [PL] § 140.20 [Count One], one count of Grand Larceny in the Third Degree pursuant to PL § 155.35 (1) [Count Two], and

1

one count of Criminal Possession of Stolen Property in the Third Degree pursuant to PL § 165.50 [Count Three].[1] The indictment was filed on March 11, 2020, and Defendant was arraigned thereon on July 11, 2022. The charges pertain to Defendant's alleged unlawful entry into the Verizon Store building located at 89 Pondfield Road, in the Village of Bronxville, and his alleged theft of property from within. The offenses are alleged to have occurred at approximately 5:50 a.m., on October 9, 2019.

During the processing of the Verizon Store, a plastic bag which appeared to have traces of blood on it was recovered from an office that was allegedly rummaged through and that plastic bag was submitted to the Westchester County Department of Laboratories and Research for forensic analysis.

Here, the indictment filed against Defendant provides the requisite probable cause and statutory authority to obtain a DNA sample from him (*see People v Fields*, 160 AD3d 1116 [2018], *lv. denied* 31 NY3d 1116 [2018]; *People v Vieweg*, 155 AD3d 1305 [2017], *lv. denied* 30 NY3d 1121 [2018]; *People v Roshia*, 133 AD3d 1029 [2015], *aff'd* 28 NY3d 989 [2016]; *People v Hogue*, 133 AD3d 1209 [2015], *lv. denied* 27 NY3d 1152 [2016]; *People v Pryor*, 14 AD3d 723 [2005], *lv. denied* 6 NY3d 779 [2006]).

Moreover, on December 4, 2019, the Westchester County Department of Laboratories and Research (WCDLR) was advised by the Massachusetts State Police Crime Laboratory that a search of the Combined DNA Index System (CODIS) revealed that a DNA profile collected from a forensic sample by the WCDLR was linked to the DNA profile from the defendant. The WCDLR Forensic Lab and Item numbers assigned to this matter reveal that the subject DNA profile was collected from the "plastic bag."

Pursuant to a WCDLR Forensic Biology CODIS Unit letter dated December 10, 2019, a detective of the Village of Bronxville Police Department was notified of the above information so that an additional DNA sample from Defendant could be obtained and submitted to the lab as soon as possible "so that it can be compared to the case evidence sample(s)." It is thus clear that material evidence linking Defendant to the crimes at issue can be expected to result from a comparison of

---

[1] The charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree have been reduced by this Court to Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree, respectively, due to the People's failure to present legally sufficient evidence as to the value of the property at issue.

2

the DNA profile obtained from the plastic bag and a known DNA sample obtained from the defendant (*see People v Fields*, *supra*).

Regarding the method to be used to secure Defendant's safety and reliability of the saliva samples, the Court of Appeals has recently addressed such in *People v Goldman*, 35 NY3d 582 [2020]. Like *Matter of Abe A.*, *Goldman* involved a request for corporeal evidence from an uncharged suspect. However, the Court specifically discussed the securing of DNA samples by way of buccal swabs, which is the method that would be used in this case.

Citing and quoting from the 2013 United States Supreme Court case of *Maryland v King*, 569 US 435, the Court of Appeals in *Goldman* accepted the Supreme Court's characterization of the buccal swab procedure as a "brief and minimal intrusion" that is "quick and painless" and "undeniably safe." The Court in *Goldman* also noted that where a defendant has been validly arrested based upon probable cause, his expectations of privacy are not offended by the minor intrusion of a brief swab of his cheeks, given the significant state interests in identifying him. Here, unlike the defendants in *Matter of Abe A.* and *Goldman*, Defendant Suarez has not only been arrested but he has also been indicted. Finally, following the reasoning of the Supreme Court in *Maryland v King*, the Goldman Court noted that because "the utility of DNA identification in the criminal justice system is already undisputed," a defendant cannot mount a credible claim that the DNA evidence is unlikely to provide material evidence. This Court believes the same to be true in this case.

Furthermore, upon balancing the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining the evidence, on the one hand, against a concern for Defendant's Constitutional right to be free from bodily intrusion on the other, the Court finds that the scale tips in the People's favor in this regard.

As to the seriousness of the crime, Burglary in the Third Degree is a Class "D" felony offense which a carries a maximum term of 2 1/3 to 7 years in state prison.

As to the importance of the evidence to the investigation, a match of the Defendant's DNA to the DNA profile allegedly recovered from the plastic bag would be very important to establish his identity and participation in the crimes for which he has been indicted.

Finally, the Court finds that there is no less intrusive means of obtaining the evidence from Defendant. "The buccal swab—now a simple and common method for securing a...defendant's

3

[* 3]

DNA…is undeniably safe, consists of a minimal intrusion and involves no discomfort" (*People v Goldman*, 35 NY3d at 594).

Accordingly, while recognizing that the People's request for a DNA sample in this case could have been made earlier, as the People have satisfied the statutory requirements of CPL § 245.40 and the requirements of *Matter of Abe A.* and its progeny, the People's motion requiring Defendant to permit to the taking of DNA samples from his body via buccal cell swabs is granted.

IT IS HEREBY ORDERED that the People shall have an investigator from the Westchester County District Attorney's Office or a member of the Bronxville Police Department available on December 2, 2022 for the taking of such sample.

The foregoing constitutes the Order of this Court.

Dated: White Plains, New York
       November 29, 2022

_____
HONORABLE ROBERT J. PRISCO
County Court Judge

To:     HON. MIRIAM E. ROCAH
        Westchester County District Attorney
        111 Dr. Martin Luther King Jr. Blvd.
        White Plains, New York 10601
        Attn: Assistant District Attorney Annmarie Stepancic


        THE LEGAL AID SOCIETY OF
        WESTCHESTER COUNTY
        Attorney for Defendant Sandro Suarez
        150 Grand Street-Suite 100
        White Plains, New York 10601
        Attn: Ketienne Telemaque, Esq.

4