| People v Goodwine |
| :---: |
| 2023 NY Slip Op 34733(U) |
| February 1, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 72339-22/002 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANTHONY GOODWINE,

Defendant.
----------------------------------------------------------------x
ROBERT J. PRISCO, J.

FILED

MAR 0 8 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

ORDER
DNA SAMPLE

Indictment No: 72339-22/002

On November 17, 2022, the People served and filed a Notice of Motion for Buccal Swab, an Affirmation in Support, and a Memorandum of Law seeking an Order "requiring the defendant… to permit the taking of DNA samples from his body via a buccal cell swab," pursuant to CPL § 245.40 (1) (e).

On December 14, 2022, the Court received Defendant's "Affirmation in Opposition to the People's Order [to] Show Cause" for the taking of buccal cell samples.

CPL § 245.40 (1) (e) provides that, "[a]fter the filing of an accusatory instrument, and subject to constitutional limitations, the court may, upon motion of the prosecution showing probable cause to believe the defendant has committed the crime, a clear indication that relevant material evidence will be found, and that the method used to secure such evidence is safe and reliable, require a defendant to provide non-testimonial evidence, including to [p]ermit the taking of samples of the defendant's blood, hair, and other materials of the defendant's body that involves no unreasonable intrusion thereof."

Although CPL § 245.40 was enacted on January 1, 2020, the necessary showing by the prosecution to permit the taking of corporeal samples from a defendant has existed since *Matter of Abe A.*, 56 NY2d 288, 291 [1982]. While the requirements set forth in *Matter of Abe A.* pertained to a pre-accusatory instrument application to obtain corporeal evidence from a suspect, CPL § 245.40 (1) (e) now specifically covers applications to obtain corporeal evidence from a defendant, like Defendant Goodwine, upon whom an accusatory instrument has already been filed.

In the case at bar, pursuant to Indictment No. 72339-22/002, Defendant Goodwine is charged with one count of Burglary in the Second Degree pursuant to Penal Law [PL] § 140.25 (2) [Count One], one count of Grand Larceny in the Third Degree pursuant to PL § 155.35 (1)

1

[Count Two], and one count of Criminal Possession of Stolen Property in the Third Degree pursuant to PL § 165.50 [Count Three].[1] The indictment was filed on September 30, 2022, and Defendant was arraigned thereon on October 7, 2022. The charges pertain to Defendant allegedly aiding, abetting, and acting in concert with another person in unlawfully entering a dwelling located at 35 Echo Lane, in the Town of Mamaroneck, and his alleged theft of property from within. The offenses are alleged to have occurred at approximately 7:10 p.m. on February 26, 2022. The rear window where entry was made was swabbed for DNA and submitted to the Westchester County Department of Laboratories and Research for forensic analysis.

Here, the indictment filed against Defendant provides the requisite probable cause and statutory authority to obtain a DNA sample from him (*see People v Fields*, 160 AD3d 1116 [3d Dept 2018], *lv. denied* 31 NY3d 1116 [2018]; *People v Vieweg*, 155 AD3d 1305 [3d Dept 2017], *lv. denied* 30 NY3d 1121 [2018]; *People v Roshia*, 133 AD3d 1029 [3d Dept 2015], *aff'd* 28 NY3d 989 [2016]; *People v Hogue*, 133 AD3d 1209 [4th Dept 2015], *lv. denied* 27 NY3d 1152 [2016]; *People v Pryor*. 14 AD3d 723 [3d Dept 2005], *lv. denied* 6 NY3d 779 [2006]).

Moreover, the report from the Westchester County Department of Laboratories and Research provides a clear indication that material evidence could be expected to result from a comparison between evidence recovered from the rear window and the defendant's own DNA (*People v Fields*, 160 AD3d 1116 [3d Dept 2018], *lv. denied* 31 NY3d 1116 [2018]). Specifically, the lab results indicate that "one of the swabs…contains a human DNA profile that is a mixture with an assumed number of two contributors, with an approximate mixture proportion of 93%/7%" and that "[t]he victims in this case submitted exemplars and have been excluded as contributors to the DNA profile developed" (*see* Page 4 of the People's Affirmation in Support). Further, "[a]ccording to Forensic Scientist Joseph Phillips, the submission of exemplars from the defendant may [ ] prove useful [since] the profile that was submitted (93% contributor) was not a full single source profile and thus, some of the CODIS core loci were not separated or deconvoluted" (*Id.*).[2]

---

[1] The charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree have been reduced by this Court to Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree, respectively, due to the People's failure to present legally sufficient evidence as to the value of the property at issue.

[2] Per the People, "according to Joseph Phillips, there were alleles detected at those locations which were not separated into the 93% contributor or the 7% contributor [since] [t]he alleles did not meet the criteria for separation at those locations based upon the STRmix software, but information still exists at those locations and the lab can do comparisons with an exemplar from the defendant" (*see* Pages 4-5 of the People's Affirmation in Support).

Regarding the method to be used to secure Defendant's safety and reliability of the saliva samples, the Court of Appeals has recently addressed such in *People v Goldman*, 35 NY3d 582 [2020]. Like *Matter of Abe A.*, *Goldman* involved a request for corporeal evidence from an uncharged suspect. However, the Court specifically discussed the securing of DNA samples by way of buccal swabs, which is the method that would be used in this case.

Citing and quoting from the 2013 United States Supreme Court case of *Maryland v King*, 569 US 435, the Court of Appeals in *Goldman* accepted the Supreme Court's characterization of the buccal swab procedure as a "brief and minimal intrusion" that is "quick and painless" and "undeniably safe." The Court in *Goldman* also noted that where a defendant has been validly arrested based upon probable cause, his expectations of privacy are not offended by the minor intrusion of a brief swab of his cheeks, given the significant state interests in identifying him. Here, unlike the defendants in *Matter of Abe A.* and *Goldman*, Defendant Goodwine has not only been arrested but he has also been indicted. Finally, following the reasoning of the Supreme Court in *Maryland v King*, the Goldman Court noted that because "the utility of DNA identification in the criminal justice system is already undisputed," a defendant cannot mount a credible claim that the DNA evidence is unlikely to provide material evidence. This Court believes the same to be true in this case.

Furthermore, upon balancing the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining the evidence, on the one hand, against a concern for Defendant's Constitutional right to be free from bodily intrusion on the other, the Court finds that the scale tips in the People's favor in this regard.

As to the seriousness of the crime, Burglary in the Second Degree is a Class "C" violent felony offense which carries a mandatory minimum term of 3.5 years incarceration and a maximum term of 15 years incarceration.

As to the importance of the evidence to the investigation, a match of the Defendant's DNA to the DNA profile allegedly recovered from the rear window would be very important to establish his identity and participation in the crimes for which he has been indicted.

Finally, the Court finds that there is no less intrusive means of obtaining the evidence from Defendant. "The buccal swab—now a simple and common method for securing a...defendant's DNA...is undeniably safe, consists of a minimal intrusion and involves no discomfort" (*People v Goldman*, 35 NY3d at 594).

3

[* 3]

Accordingly, as the People have satisfied the statutory requirements of CPL § 245.40 and the requirements of *Matter of Abe A.* and its progeny, the People's motion requiring Defendant to permit to the taking of DNA samples from his body via buccal cell swabs is granted.

IT IS HEREBY ORDERED that the People shall have an investigator from the Westchester County District Attorney's Office or a member of the Mamaroneck Police Department available on February 3, 2023 for the taking of such sample.

The foregoing constitutes the Order of this Court.

Dated: White Plains, New York
February 1, 2023

**HONORABLE ROBERT J. PRISCO**
**County Court Judge**

To:    HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Celia Curtis

THE LEGAL AID SOCIETY OF
WESTCHESTER COUNTY
Attorney for Defendant Anthony Goodwine
150 Grand Street-Suite 100
White Plains, New York 10601
Attn: April A. McKenzie, Esq.

4

[* 4]