■ In the Matter of MARK POLLAK, Appellant, v JOSEPH A. MOGAVERO, JR., as Otsego County Judge, et al., Respondents.— Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Crew, III, J.), entered March 23, 1985 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to prohibit respondents from proceeding with the prosecution of indictments charging petitioner with two counts of criminal sale of a controlled substance in the third degree.

Petitioner contends that since his probation, which had been imposed upon a prior conviction of the crime of attempted assault in the second degree, was revoked upon a finding that he had violated the conditions thereof by unlawfully selling a controlled substance on two occasions, the principle of double jeopardy bars any subsequent prosecution of the indictments charging petitioner with two counts of criminal sale of a controlled substance in the third degree. Special Term rejected petitioner's argument and dismissed the petition. We affirm, but without reaching the merits.

CPLR 506 (b) (1) and CPLR 7804 (b) require that a CPLR article 78 proceeding against a County Judge be commenced in the Appellate Division. "The question whether a proceeding must be commenced in Supreme Court or the Appellate Division (as opposed to which county or department) clearly concerns subject matter jurisdiction" *(Matter of Nolan v Lungen,* 61 NY2d 788, 790). Accordingly, a special proceeding against a County Judge must be commenced in the Appellate Division, while a special proceeding against a District Attorney must be commenced in Supreme Court *(supra).* These jurisdictional limitations are not waivable and failure to comply with them requires dismissal of the proceeding *(supra).* Since the requirements of CPLR 506 (b) (1) and CPLR 7804 (b) are jurisdictional, the attempt to commence a single CPLR

article 78 proceeding against both the District Attorney and a County Judge raises some perplexing questions, but we do not believe that the drafters of the CPLR intended to require the commencement of separate proceedings in separate courts (see, CPLR 104). Nor do we believe, however, that such a proceeding can be commenced in either the Appellate Division or Supreme Court, leaving the choice to petitioner. Rather, in view of the rationale for the requirement that proceedings against Supreme Court Justices and County Judges be commenced in the Appellate Division (see, Siegel, NY Prac § 565, at 791), a proceeding which names such a Judge as a respondent must be commenced in the Appellate Division, irrespective of whether another party such as a District Attorney is also named as a respondent (cf. Matter of De Canzio v Kennedy, 67 AD2d 111, lv denied 47 NY2d 709). Since this proceeding was improperly commenced in Supreme Court, the judgment dismissing the petition must be affirmed (Matter of Nolan v Lungen, supra).

Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.