■ In the Matter of MARK VIVANCO, Petitioner, v JOSEPH K. WEST et al., Respondents. [625 NYS2d 255] —Proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the respondents from enforcing an order of the Supreme Court, Westchester County (West, J.), dated December 14, 1994, directing the taking of blood, hair, and saliva samples from the petitioner in connection with the investigation of the death of a named individual.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements; and it is further,

Ordered that the temporary restraining order contained in the order to show cause, dated January 9, 1995, is vacated forthwith.

The People satisfactorily demonstrated (1) the existence of probable cause to believe that the suspect committed the crime under investigation, (2) a clear indication that relevant material evidence will be found, and (3) a showing that the method used to secure that evidence is safe and reliable *(see, Matter of Abe A.,* 56 NY2d 288, 291). With regard to probable cause, the People presented evidence that the petitioner was the last person to see the victim alive, that the victim planned to end their relationship and move out of the petitioner's apartment, and that the petitioner knew that the victim was seeing another man. Testimony adduced at the hearing from the medical examiner rendered the petitioner's alibi inconclusive. In addition, seminal fluid and foreign hairs were found on the victim's body and clothing. Upon balancing the severity of the crime, the importance of the evidence to the investigation, and the unavailability of less intrusive means of obtaining it, against a concern for the suspect's constitutional right to be free from bodily intrusion *(Matter of Abe A., supra),* we conclude that the Supreme Court properly directed the taking of the samples from the petitioner. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.