■ In the Matter of ALFRED SANTORELLI, Appellant, v DISTRICT ATTORNEY OF WESTCHESTER COUNTY et al., Respondents. [676 NYS2d 494] —In a proceeding pursuant to CPLR article 78, *inter alia,* in effect, to prohibit the respondents from enforcing an order of the Supreme Court, Westchester County (Shapiro, J.), dated January 7, 1997, which directed the appellant to permit the taking of a blood sample from his body, the appeal is from a judgment of the County Court, Westchester County (Smith, J.), entered July 22, 1997, which dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is vacated; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

A CPLR article 78 proceeding naming a Supreme Court

Justice as a respondent must be commenced in the Appellate Division (*see,* CPLR 7804 [b]; 506 [b] [1]; *Matter of Nolan v Lungen,* 61 NY2d 788; *Matter of Baba v Evans,* 213 AD2d 248, *cert denied sub nom. Baba v 1133 Bldg. Corp.,* 520 US 1254). Therefore, the Supreme Court lacked subject matter jurisdiction over the proceeding (*see, Matter of Nolan v Lungen, supra*).

Further, while we consider the instant appeal by the petitioner as if it were an original application to this Court (*see, Matter of Schnell v Spano,* 120 AD2d 669), we nevertheless find that the proceeding must be dismissed on the merits. The People satisfactorily demonstrated (1) the existence of probable cause to believe that the petitioner committed the crime under investigation, (2) a clear indication that relevant material evidence will be found, and (3) that the method used to secure that evidence is safe and reliable (*see, Matter of Abe A.,* 56 NY2d 288; *Matter of Vivanco v West,* 214 AD2d 618; *Matter of Anonymous v Cacciabaudo,* 153 AD2d 856). Thompson, J. P., Santucci, Friedmann and Krausman, JJ., concur.