■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HARRISON, Appellant. [681 NYS2d 38] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 7, 1997, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), and harassment in the first degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony, as the police officers had probable cause to believe that the defendant had harassed one of the victims as she walked to her friend's house in the early morning hours (*see, People v Bigelow,* 66 NY2d 417, 423). Moreover, the court properly granted the People's request to obtain a blood sample from the defendant for the purpose of performing DNA testing, as probable cause existed to believe that he had raped another victim on an earlier date (*see, Matter of Abe A.,* 56 NY2d 288, 291; *People v King,* 232 AD2d 111, 116; *People v Bigelow, supra*).

There is an ample basis in the record for this Court to conclude that, after having adjourned the case for trial on several occasions on the defendant's account, the trial court did not improvidently exercise its discretion in refusing to grant the adjournment which the defendant requested on the eve of trial.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.