■ In the Matter of MORRIS TUCKER, JR., Petitioner, v RUSSELL P. BUSCAGLIA, as Acting Justice of New York State Supreme Court, et al., Respondents. [693 NYS2d 373] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: In this original CPLR article 78 proceeding seeking relief in the nature of prohibition, petitioner challenges a determination (denominated order) of respondent Hon. Russell P. Buscaglia, Acting Justice of New York State Supreme Court (Supreme Court), granting the application of respondent Hon. Frank J. Clark, III, Erie County District Attorney, for an order directing petitioner to provide hair and blood samples to aid authorities in their investigation of a homicide. Petitioner contends that Supreme Court exceeded its jurisdiction in ordering him to provide such corporeal evidence because there was no " 'clear indication' that relevant material evidence [would] be found" linking petitioner to the homicide (*Matter of Abe A.*, 56 NY2d 288, 291).

Prohibition does not lie to obtain collateral review of an order directing a suspect in a criminal investigation to supply corporeal evidence (*see, Matter of James N. v D'Amico*, 139 AD2d 302, 303, *lv denied* 73 NY2d 703; *cf., Matter of Anonymous*, 76 NY2d 766, 767-768, *affg* 156 AD2d 1028; *Matter of Philips v Belfi*, 259 AD2d 620; *Matter of Pryor v Greenberg*, 247 AD2d 711, 712; *Matter of Dunnigan v Weissman*, 181 AD2d 731, 732; *Matter of Vann v Friedlander*, 170 AD2d 782). Granting prohibition in these circumstances would violate well-established rules governing use of the writ and defeat the overriding policies of avoiding proliferation of litigation in criminal cases and delays in investigation and prosecution (*see, Matter of James N. v D'Amico, supra*, at 303-304). Petitioner's challenge to the order—that Supreme Court misapplied the test established in *Matter of Abe A.* (*supra*)—asserts a mere error of law and does not demonstrate that the court acted without or in excess of its jurisdiction (*see, Matter of James N. v D'Amico, supra*, at 303). Further, the corporeal evidence order, like a search warrant, may be challenged by suppression motion in the event that petitioner is charged and may be reviewed on direct appeal in the event he is convicted (*see, Matter of James N. v D'Amico, supra*, at 305; *see generally, People v Harrison*, 255 AD2d 335, *lv denied* 93 NY2d 853; *People v King*, 232 AD2d 111, *lv denied* 91 NY2d 875). We therefore dismiss the petition on the ground that prohibition does not lie (*see, Matter of James N. v D'Amico, supra*, at 305). Were we to review the merits, we would conclude that the People met their burden of showing a "clear indication" that the blood and hair samples ordered to be furnished by petitioner would constitute "relevant material

evidence" or "substantial probative evidence" (*Matter of Abe A., supra*, at 291, 297; *see, Matter of Chaplin v McGrath*, 215 AD2d 842; *Matter of Vivanco v West*, 214 AD2d 618; *Matter of Anonymous v Cacciabaudo*, 153 AD2d 856, 858, *appeal dismissed* 74 NY2d 890). (Original Proceeding Pursuant to CPLR art 78.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.