[848 NYS2d 183]

In the Matter of STATE DIVISION OF HUMAN RIGHTS, Appellant, v HOWARD BERLER, as Justice of the Supreme Court of the State of New York, et al., Respondents.

Second Department, October 2, 2007

## APPEARANCES OF COUNSEL

*Gina M. Lopez Summa*, Bronx (*Michael K. Swirsky* of counsel), for appellant.

*Zabell & Associates, P.C.*, Bohemia (*Saul D. Zabell* of counsel), for North Shore Internal Medicine Associates, P.C., respondent.

## OPINION OF THE COURT

RIVERA, J.P.

The primary issue presented on this appeal is whether the Supreme Court was authorized, pursuant to CPLR 2308 (b) (1), in effect, to preclude the State Division of Human Rights (here-

inafter the State Division) from considering certain documents as evidence in an administrative proceeding entitled *Matter of Persuad v North Shore Internal Medicine Associates, P.C.* For the reasons that follow, we find that CPLR 2308 (b) (1) does not encompass, as a penalty or sanction, the preclusion of evidence and does not permit the Supreme Court, in effect, to interfere with the State Division's functions in considering certain documents as evidence.

## I. Factual and Procedural Background

In 1996, Rookmatie Persuad filed a complaint with the State Division alleging that her former employer, North Shore Internal Medicine Associates, P.C. (hereinafter North Shore), engaged in unlawful discriminatory practices in violation of the New York State Human Rights Law.

On November 23, 1999, North Shore served a nonjudicial subpoena duces tecum on Persuad. The subpoena sought, inter alia, copies of Persuad's 1997-1999 state and federal income tax returns.

By order to show cause dated June 8, 2000, North Shore commenced a proceeding in the Supreme Court, Suffolk County, pursuant to CPLR 2308 (b), to compel Persuad's compliance with the subject nonjudicial subpoena duces tecum. In a petition dated June 4, 2000, which accompanied the order to show cause, North Shore's counsel requested that the Supreme Court hold Persuad in contempt and assess an "appropriate" penalty for her failure to "abide" by the subpoena duces tecum.

In an affirmation dated June 19, 2000, Persuad's attorney argued that the subpoena duces tecum "sought extraordinary relief greatly in excess of that which may be sought in an attorney issued subpoena duces tecum and which document did not comply with Section 465.14 of the Rules and Regulations of the State Division of Human Rights for the issuance of discovery devices of such nature." He urged the court to require North Shore to serve a "proper subpoena" issued by "a duly empowered official" under the rules and regulations of the State Division "limited to the production of properly discoverable documents."

In an order dated August 18, 2000, the Supreme Court, Suffolk County (Floyd, J.), directed as follows:

> "Ordered that this petition seeking an order directing the Respondent ROOKMATIE PERSUAD, to comply

with a duly issued subpoena duces tecum issued by Saul d. Zaheil [*sic*], Counsel for NORTH SHORE INTERNAL MEDICINE directing Respondent to appear before an Administrative Law Judge with certain records is granted. The Respondent is directed to appear at the offices of Andrew Nitzberg, Records Access Officer for the Division of Human Rights at 55 West 125th Street, 13th Floor, Legal Bureau, New York on September 19, 2000. If the Respondent has not appeared on that date nor withdrawn her claim, the Petitioner may, if it is so advised, seek to deem Respondent in contempt of Court."

Thereafter, by order to show cause dated March 27, 2001, North Shore moved to hold Persuad in contempt of court, dismissing the proceeding before the State Division and "assess . . . an appropriate penalty" for Persuad's "repeated failure" to abide with the subpoena duces tecum and the Supreme Court's order dated August 18, 2000. In support thereof, North Shore submitted the affirmation of its counsel, wherein he alleged that as a result of Persuad's failure to comply with the subpoena duces tecum and to comply with the August 18, 2000, order, Persuad should "be prevented [from using] such documents and evidence for any proceeding before a New York State court or administrative agency."

In opposition to this order to show cause, Persuad submitted her affidavit dated April 9, 2001, wherein she stated that she had "recently" been apprised by North Shore's attorney of the August 18, 2000, order. She asserted that "[a]s soon" as she became aware of that order, she began to assemble "the documents" requested in the subpoena. She added that she was "attaching the same" to her affidavit. Persuad insisted that she had not ignored the order dated August 18, 2000, and requested that she not be held in contempt.

In an order dated June 25, 2001, the Supreme Court, Suffolk County (Floyd, J.), denied North Shore's motion.

Subsequently, in an order dated October 4, 2002, the Supreme Court, Suffolk County (Berler, J.), directed as follows:

"In contemplation of an anticipated stipulation resolving this matter, to be submitted for the court's 'so ordered' endorsement, it is

"Ordered that a Conference shall be held on Friday, 11/8/02, at 9:30 a.m., at the Federal Courthouse, Room #430; and it is further

"Ordered that there shall be no adjournment of any of the above provisions except by WRITTEN ORDER of the Court. DEFAULT IN ANY OF THE ABOVE PROVISIONS SHALL RESULT IN PRECLUSION.*

On or about November 6, 2002, North Shore's counsel purportedly sent a copy of a proposed stipulation to Persuad's counsel. According to North Shore, neither Persuad nor her counsel ever executed the proposed stipulation. Further, Persuad purportedly failed to appear at the November 8, 2002, conference.

### 1. The Administrative Hearing

On May 17, 2004, Persuad's complaint before the State Division proceeded to an administrative hearing. At the continued hearing session held on May 18, 2004, North Shore's counsel advised the Administrative Law Judge that even though North Shore had served a subpoena duces tecum, Persuad was "still in default." Persuad's counsel countered that he had provided North Shore's counsel with "the documents, with tax returns."

North Shore's counsel stated that Persuad's counsel had provided "some" of the documents, but had failed to provide North Shore with "all [of the] documents." North Shore's counsel added that he was "asking for that order of the court [apparently referring to the October 4, 2002, order] to be implemented."

The Administrative Law Judge noted that in the course of the hearing "it's possible" that a document that was requested by one of the parties was not made available. The Administrative Law Judge further stated that she would "err on the side of accepting the document in order to have a complete record rather than rejecting the document because it was not complied with [in] a timely fashion." The Administrative Law Judge added that either party would have an opportunity to file an objection to the recommended order and to appeal from the final order. The Administrative Law Judge further stated that she would permit counsel to voir dire and review any document.

At the continued hearing session held on June 3, 2004, Persuad's tax returns and W-2 forms for 1997-1999, which were among the documents that North Shore requested in the subpoena duces tecum, were admitted into evidence.

---

* The record does not reflect what motion preceded the order dated October 4, 2002.

## 2. The Preclusion Order

In an order dated July 9, 2004 (hereinafter the preclusion order), the Supreme Court, Suffolk County (Berler, J.), directed as follows:

"IT IS HEREBY ORDERED THAT:

"This court's order dated October 4, 2002 is and has been a valid Order of Preclusion due to Persuad's failure to comply with its contents, and upon notice by letter dated July 6, 2004 directing the parties to appear for [a] status conference, and failure to appear;

"1. The specific items Persuad is precluded from offering into evidence or having considered as evidence are:

"a. Copies of complainant's 1997 state and federal Income Tax Returns.

"b. Copies of complainant's 1998 state and federal Income Tax Returns.

"c. If and when available, copies of complainant's 1999 state and federal Income Tax Returns.

"d. Complainant's 1997 IRS W2 Forms.

"e. Complainant's 1998 IRS W2 Forms.

"f. If and when available, complainant's 1999 IRS W2 Forms; and

"g. All other books, records, papers, cards, documents, correspondence or other evidence that relates to the complainant's allegations or that would indicate the damages alleged to have been suffered, including but not limited to medical documents and income tax return information."

Persuad never appealed from the preclusion order. Since the entry of the preclusion order, the State Division has "had no further proceedings" with regard to Persuad's complaint against North Shore.

## 3. The Instant CPLR article 78 Proceeding

By notice of petition dated November 5, 2004, the State Division commenced this CPLR article 78 proceeding in Supreme Court, Suffolk County, to "annul" so much of the preclusion or-

der as, in effect, precluded it from considering the documents set forth in the preclusion order at the administrative hearing. In its petition, the State Division named Justice Berler, North Shore, and Persuad as respondents. The State Division asserted that the preclusion order "improperly interferes" with the State Division's statutory power and duty to assess Persuad's discrimination complaint and to hold an evidentiary hearing. Further, the State Division argued that, although CPLR 2308 (b) allows a judge to penalize a subpoenaed party for disobeying an administrative subpoena, the type of penalty described therein would not provide the Supreme Court with the authority to limit the State Division's ability to consider evidence or accept documents into evidence at its administrative hearing.

In an answer dated December 22, 2004, North Shore argued that the petition should be dismissed for lack of subject matter jurisdiction because a proceeding pursuant to CPLR article 78 against a Justice of the Supreme Court had to be commenced in the Appellate Division. North Shore also asserted that Persuad never moved to quash or vacate the subpoena nor to appeal from the preclusion order. According to North Shore, the State Division had "abandoned its role of neutral arbiter" and had "assumed the role of advocate." North Shore alleged that Persuad was properly precluded from offering the subject documentation because she failed to comply with the subpoena and repeatedly defaulted/failed to appear for scheduled conferences. North Shore stated that the order "in no way restrains" the State Division from determining the merits of Persuad's complaint. It insisted that the preclusion order was "directed to" Persuad and not the State Division.

In an affirmation dated January 18, 2005, counsel for the State Division requested that the Supreme Court transfer the CPLR article 78 proceeding to this court. He argued that a proceeding pursuant to CPLR article 78 was the "only avenue" available to the State Division for "obtaining review" of the preclusion order. On the merits, counsel stated that preclusion of the subject documents limited the State Division's ability to make findings of fact concerning any possible damages suffered by Persuad and impinged upon the State Division's duty as a public agency to receive evidence and hold hearings. He added that the State Division was "acting to protect the integrity of its administrative process" and had not abandoned its role of neutral arbiter.

In a judgment dated March 17, 2005, the Supreme Court, Suffolk County (Werner, J.), dismissed the proceeding on the

ground that it had improperly been commenced in the Supreme Court instead of this court. The State Division appeals from this judgment.

## II. Legal Analysis

### 1. Subject Matter Jurisdiction

■ Initially, a proceeding pursuant to CPLR article 78 naming a Supreme Court Justice as a respondent must be commenced in the Appellate Division "in the judicial department where the action . . . is triable" (CPLR 506 [b] [1]; *see* CPLR 7804 [b]; *Matter of Nolan v Lungen*, 61 NY2d 788, 790 [1984]; *People ex rel. Washington v Burge*, 30 AD3d 1066, 1066-1067 [2006]; *Matter of Santorelli v District Attorney of Westchester County*, 252 AD2d 504, 504-505 [1998]). "Insofar as the statute requires the proceeding to be brought in the Appellate Division, the matter is one of [subject matter] jurisdiction, not simply venue, and such a proceeding brought in the Supreme Court will be dismissed" (6 NY Jur 2d, Article 78 § 173; *see Matter of Baba v Evans*, 213 AD2d 248 [1995], *cert denied sub nom. Baba v 1133 Bldg. Corp.*, 520 US 1254 [1997]; *Matter of Pollak v Mogavero*, 114 AD2d 640 [1985]).

Here, the State Division improperly commenced the instant proceeding pursuant to CPLR article 78, which named a Justice of the Supreme Court as a respondent, in the Supreme Court. Thus, the Supreme Court properly dismissed the proceeding for lack of subject matter jurisdiction (*see* CPLR 506 [b] [1]).

However, in the interest of judicial economy, we will consider the instant appeal by the State Division as if it were an original proceeding in this court (*see Matter of Santorelli v District Attorney of Westchester County, supra; Matter of Budde v Rubin*, 89 AD2d 1016 [1982]; *Matter of Snee v County Ct. of County of Cayuga*, 31 AD2d 303, 308 [1969]; *Matter of Nolan v Court of Gen. Sessions of County of N.Y.*, 15 AD2d 78, 79-80 [1961], *affd* 11 NY2d 114 [1962]).

### 2. CPLR 2308 (b) (1)

■ On the merits, we find that the State Division correctly contends that CPLR 2308 (b) (1) does not authorize the Supreme Court, in effect, to preclude the State Division from considering certain documents as evidence in the subject administrative proceeding.

CPLR 2308 (b) (1) provides:

"Unless otherwise provided, if a person fails to comply with a subpoena which is not returnable in a court, the issuer or the person on whose behalf the subpoena was issued may move in the supreme court to compel compliance. If the court finds that the subpoena was authorized, it shall order compliance and may impose costs not exceeding fifty dollars. A subpoenaed person shall also be liable to the person on whose behalf the subpoena was issued for a penalty not exceeding fifty dollars and damages sustained by reason of the failure to comply. A court may issue a warrant directing a sheriff to bring the witness before the person or body requiring his appearance. If a person so subpoenaed attends or is brought before such person or body, but refuses without reasonable cause to be examined, or to answer a legal and pertinent question, or to produce a book, paper or other thing which he was directed to produce by the subpoena, or to subscribe his deposition after it has been correctly reduced to writing, the court, upon proof by affidavit, may issue a warrant directed to the sheriff of the county where the person is, committing him to jail, there to remain until he submits to do the act which he was so required to do or is discharged according to law. Such a warrant of commitment shall specify particularly the cause of the commitment and, if the witness is committed for refusing to answer a question, the question shall be inserted in the warrant."

The starting point of analysis must be the plain meaning of the statutory language, since it is the statutory text which is "the 'clearest indicator of legislative intent' " (*Ragucci v Professional Constr. Servs.*, 25 AD3d 43, 47 [2005], quoting *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]; *see Bluebird Partners v First Fid. Bank*, 97 NY2d 456, 460-461 [2002]; *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104 [2001]; *People v M&H Used Auto Parts & Cars, Inc.*, 22 AD3d 135, 142 [2005]).

The clear language of the statute authorizes a court to impose costs of $50 and a penalty of $50, as well as "damages sustained by reason of the failure to comply." Upon a motion to compel compliance, if the court orders compliance with a *nonjudicial* subpoena, further disobedience is a violation of the order and may be the subject of contempt proceedings and commitment of

the witness to jail. Significantly, CPLR 2308 (b) (1) does not expressly provide for any of the lesser sanctions contained in CPLR 3126. In contrast, CPLR 2308 (a), which sets forth the penalties applicable to the disobedience of a *judicial* subpoena, *does* specifically state "[i]f the witness is a party the court may also strike his pleadings." While we do not condone a party's purported failure to comply with a subpoena duces tecum, the court must read and give effect to the subject statute as it is written by the Legislature (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 73, 92 [a]).

We note that North Shore does not cite to any cases, in the context of a proceeding commenced pursuant to CPLR 2308 (b) (1), which authorize a court to preclude a party from offering evidence or to preclude an administrative agency from considering such evidence as a penalty for a party's noncompliance with a nonjudicial subpoena. The cases relied upon by North Shore for the proposition that the preclusion order was properly entered relate to the Supreme Court's preclusion in a matter before that very court and *do not* involve the enforcement of a *nonjudicial* subpoena under CPLR 2308 (b) (1) (*see e.g. Greaves v Burlingame*, 12 AD3d 730 [2004] [in the context of an action commenced in Supreme Court, alleging, inter alia, fraud, the Supreme Court issued an order of preclusion after the defendant failed to comply with the plaintiff's discovery requests and all deadlines, including a court-ordered disclosure schedule and a conditional court order]; *Beneficial Mtge. Corp. v Lawrence*, 5 AD3d 339, 340 [2004] [in an action to cancel and expunge a mortgage satisfaction erroneously made and recorded, the Supreme Court granted the plaintiffs' motion, pursuant to CPLR 3126, to strike the defendant's answer for failure to comply with discovery requests]; *Matter of Barrett v Barrett*, 281 AD2d 799 [2001] [in a proceeding pursuant to Family Ct Act art 4, the Hearing Examiner properly precluded respondent from referring to any document not produced which was the subject of a judicial subpoena duces tecum]; *Red Apple Supermarkets v Malone & Hyde*, 251 AD2d 78 [1998] [in light of the plaintiffs' persistent, prolonged, and inadequately-explained failure to timely produce evidence requested by defendants, the court precluded the plaintiffs, pursuant to CPLR 3126, from utilizing certain belatedly produced evidence]; *Pimental v City of New York*, 246 AD2d 467 [1998] [in an action to recover damages for personal injuries, the court improperly denied the plaintiff's motion to strike the defendant's answer]).

In addition, we agree with the State Division that the Supreme Court's preclusion order, in effect, interfered with its jurisdictional mandate and with its procedural functions to consider certain documents, as evidence, at an administrative hearing before it. Among other things, the State Division is empowered to hold hearings (*see* Executive Law § 295 [7]). Moreover, the administrative law judge has the power to control the presentation of the evidence and the conduct of the hearing (*see* 9 NYCRR 465.12 [f]). CPLR 2308 (b) (1) does not grant the Supreme Court unfettered authority, in effect, to impinge upon these important functions of the State Division.

The remaining contentions raised by North Shore are without merit.

Accordingly, for the reasons set forth herein, we dismiss the appeal, vacate the judgment, grant the petition, and enjoin the enforcement of so much of the order dated July 9, 2004, as, in effect, precluded the State Division from considering certain documents as evidence in the subject administrative proceeding.

SANTUCCI, ANGIOLILLO and DICKERSON, JJ., concur.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the petition is granted, on the law, without costs or disbursements, and enforcement of so much of the order of the Supreme Court, Suffolk County (Berler, J.), dated July 9, 2004, as, in effect, precluded the petitioner from considering certain documents as evidence in an administrative proceeding entitled *Matter of Persuad v North Shore Internal Medicine Associates, P.C.*, is enjoined.