Matter of Alatriste v New York City Dept. of Probation

2026 NY Slip Op 03302

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Alexander Alatriste, appellant,

v

New York City Department of Probation, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2022-04158 DECISION, ORDER & JUDGMENT, (Index No. 85193/21)

Colleen D. Duffy, J.P.

Paul Wooten

Phillip Hom

Elena Goldberg Velazquez, JJ.

Brill Legal Group, P.C., Hempstead, NY (David Gray of counsel), for appellant.

Steven Banks, Corporation Counsel, New York, NY (Chloe K. Moon and Melanie T. West of counsel), for respondents New York City Department of Probation and City of New York.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and David Lawrence III of counsel), for respondent Marina C. Mundy.

[*1]

In a proceeding pursuant to CPLR article 78, inter alia, in effect, in the nature of mandamus to compel the respondent Marina C. Mundy, a Justice of the Supreme Court, Richmond County, to grant the petitioner's application for a certificate of relief from disabilities, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated May 6, 2022, which granted the motion of the respondent Marina C. Mundy, a Justice of the Supreme Court, Richmond County, and the cross-motion of the respondents New York City Department of Probation and City of New York, pursuant to CPLR 3211(a)(7) and 7804(f) to dismiss the petition, and, in effect, denied the petition and dismissed the proceeding.

ORDERED that the appeal is dismissed, without costs or disbursements; and it is further,

ORDERED that the order and judgment is vacated; and it is further,

ADJUDGED that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner commenced this CPLR article 78 proceeding against the respondents New York City Department of Probation and City of New York (hereinafter together the City respondents) and the respondent Marina C. Mundy, a Justice of the Supreme Court, Richmond County, seeking review of, among other things, Justice Mundy's denial of the petitioner's application for a certificate of relief from disabilities pursuant to Correction Law § 702 and to compel the issuance of such a certificate to him. Justice Mundy moved and the City respondents cross-moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment dated May 6, 2022, the Supreme Court granted the motion and cross-motion and, in effect, denied the petition [*2]and dismissed the proceeding. The petitioner appeals.

A CPLR article 78 proceeding naming a Supreme Court Justice as a respondent must be commenced in the Appellate Division (see CPLR 7804[b]; 506[b][1]; Matter of Santorelli v District Attorney of Westchester County, 252 AD2d 504, 504-505). Therefore, the Supreme Court lacked subject matter jurisdiction over the proceeding and the order and judgment must be vacated (see Matter of Santorelli v District Attorney of Westchester County, 252 AD2d at 505).

Further, while we consider this appeal by the petitioner as if it were an original application to this Court (see id.), we nevertheless deny the petition and dismiss the proceeding.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Malizia v Ambro, 175 AD3d 568, 568; Matter of Moyse v Greenberg, 288 AD2d 386, 386). Here, the petitioner has failed to demonstrate a clear legal right to the relief sought (see Matter of Posser v Senft, 201 AD3d 724).

The parties' remaining contentions need not be addressed in light of our determination.

DUFFY, J.P., WOOTEN, HOM and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court